In the Matter of Revocation of Club Liquor License No. C-2669, Issued to Road Drivers' Association of Pennsylvania. Road Drivers' Association of Pennsylvania, Appellant.

Argued April 4, 1977, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*William L. Zeitz*, with him *Zeitz & Zeitz*, for appellant.

*David Shotel*, Assistant Attorney General, with him *J. Leonard Langan*, Assistant Attorney General, *Harry Bowytz*, Chief Counsel, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 26, 1977:

The Road Drivers' Association of Pennsylvania has appealed from an order of the Court of Common Pleas of Philadelphia County dismissing its appeal from a Pennsylvania Liquor Control Board's order revoking its club liquor license.

The appellant club was charged with selling liquor to a nonmember in violation of Section 406(a) of the

Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-406(a) ;[1] and with violations of Board regulations concerning membership and financial records and with reference to the capacity of the person whose signature appeared on its wholesale liquor purchase permit card. The Liquor Control Board, after hearing by an examiner, and, on appeal, the court below after hearing de novo, found that the appellant sold liquor to a nonmember, that it failed to maintain records required by the regulations, and that its wholesale liquor purchase permit card was not signed by a properly qualified representative.

The appellant concedes that its record keeping violated Board regulations to be found at 40 Pa. Code, §§5.72 and 5.73 and that its purchase card was not signed by an officer as required by another regulation. It says, however, that these matters are technical and not so serious as to justify a revocation of its license. The Liquor Control Board and the court below might well have agreed with this thesis, and it might appeal to us were it not for the fact that the appellant was charged on substantial evidence with selling liquor to nonmembers in violation of a statutory prohibition. An enforcement officer of the Liquor Control Board testified that on January 4, 1975 he entered the appellant's premises and bought two drinks from one Albert Snyder who was tending bar at the time. The enforcement officer was not, of course, a member of the club. Snyder testified that he was a member of the club but that he was not an employee and that on January 4, 1975 he was merely helping the bartender. The appellant says that the

---

[1] Section 406(a) reads in part:

No club licensee, nor its officers, servants, agents or employes, other than one holding a catering license, shall sell any liquor to any person except a member of the club. . . .

Liquor Control Board failed to prove that any officer, servant, agent or employee sold liquor to a nonmember because Snyder said he was not employed by the club but was tending bar as a volunteer helpmate of the regular bartender. The argument is wholly without merit. In the first place, one may be another's agent without being his employee. The only inference which could fairly be drawn from Snyder's testimony is that he was tending bar at the appellant's premises with the acquiescence of the bartender and of any others in charge of the premises when he served drinks to a nonmember and that he was acting for the appellant and as its agent. The appellant's reliance on *Victory Club of Philadelphia,* 202 Pa. Superior Ct. 705, 198 A.2d 435 (1964), is misplaced. An examination of the lower court's opinion whose order was affirmed by the Superior Court per curiam shows that members of the club in that case simply commandeered the bar, made illegal sales, and pocketed the proceeds, for which actions they were later expelled from membership. Snyder was acting for the appellant not himself.

While some of the violations here found were of minor significance, the offense of selling to nonmembers on a club license is serious indeed. Moreover, in *In Re Carver House, Inc.,* 454 Pa. 38, 310 A.2d 81 (1973), the Pennsylvania Supreme Court held that this court has no power to review penalties imposed by the Board except in rare cases involving constitutional rights.

## ORDER

AND Now, this 26th day of May, 1977, it is ordered that the Order of the Court of Common Pleas of Philadelphia County made November 17, 1975 be and it is hereby affirmed, and the appeal of Road Drivers' Association of Pennsylvania be and it is hereby denied.