In Re: Appeal of Michael J. O'Connor 4th Ward Republican Club from Revocation of License by Pennsylvania Liquor Control Board. The Michael J. O'Connor 4th Ward Republican Club, Appellant.

In Re: Appeal of The Michael J. O'Connor 4th Ward Republican Club from Revocation of License and Forfeiture of Bond by Pennsylvania Liquor Control Board. The Michael J. O'Connor 4th Ward Republican Club, Appellant.

Submitted on briefs, April 6, 1978, to Judges CRUM-LISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Frank H. Morgan, Jr.*, with him *Francis R. Lord*, and *Lord & Mulligan*, for appellant.

*J. Leonard Langan*, Assistant Attorney General, with him *Robert M. Rovine*, Assistant Attorney General, *Harry Bowytz*, Chief Counsel, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 7, 1978:

The Michael J. O'Connor 4th Ward Republican Club (Licensee) appeals three separate common pleas court orders suspending and revoking Licensee's liquor license. Although these three appeals, involving separate factual circumstances were not formally consolidated, we review each under separate headings within this single opinion.

## No. 1751 C.D. 1973

On March 20, 1972, the Board issued Citation No. 410 of 1972[1] charging Licensee with nine separate violations of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §1-101 et seq. After hearing, the Board made findings of fact substantiating each charge and upon consideration of these findings as well as Licensee's record of prior citations, the Board ordered revocation of the license at issue. Following a de novo hearing in the court below, that court found support in the record lacking as to three of the alleged violations[2] and sustained the findings as to the remaining six. Having made significant changes in the Board's findings, the court changed

---

[1] This citation was amended on April 20, 1972.

[2] These three charges are not the subject of this appeal.

the Board's order of revocation to a nine-month suspension and $500.00 fine. We affirm.

The findings upheld by the court below follow:

3. Your organization is not operated for the mutual benefit of the entire membership.

. . . .

5. You, by your servants, agents or employes failed and neglected to maintain records in conformity with regulations prescribed by the Pennsylvania Liquor Control Board.

6. You, by your servants, agents or employes failed to conduct club business through officers regularly elected.

7. You falsified your application for Club Liquor License for the license year expiring October 31, 1972.

8. You, by your servants, agents or employes failed and neglected to keep, for a period of at least two years, complete and truthful records covering the operation of your licensed organization.

9. You failed to maintain a photostatic or certified copy of the charter of the licensed premises, on or about March 2, 10, 1972, and on divers other occasions within the past year.

Licensee's only contention on appeal is that these findings are not supported by the record. We disagree.

On appeal to this Court from a de novo hearing, we must affirm unless the court below committed an error of law or an abuse of discretion. *Pennsylvania Liquor Control Board v. Ronnie's Lounge, Inc.*, 34 Pa. Commonwealth Ct. 213, 383 A.2d 544 (1978). Our thorough review of the record convinces us that the findings questioned by Licensee are, in fact, supported by the record. With respect to finding no. 3, we agree with the court below that the testimony, when read in its entirety, leads inevitably to a finding that

the organization was, in fact, benefiting only individual members rather than the entire membership in contravention of Section 403(f) of the Code, 47 P.S. §4-403(f).

With respect to the fifth finding of fact, the court below, after reviewing the record, found that Licensee was grossly lax in its record-keeping procedures in violation of Board Regulations.[3] We agree with the court below that the record is replete with examples of inadequate or non-existent records in clear violation of the Regulations. As an example, Licensee's cash receipts book did not break down income as to source, as required by the Regulations,[4] but rather all income was entered as a lump sum. Nor was Licensee's minutes book properly maintained.[5]

Again, our review of the testimony finds support for the sixth finding of fact as well. As the court below noted, the "elections" referred to by Licensee were not recorded in its minutes nor were records kept as to which members were active and which inactive. Moreover, one witness testified that she had been made an officer of Licensee without her knowledge. Additionally, the renewal application for the year expiring October 31, 1972, contained the name of this witness as a director. Therefore, this evidence supports the seventh finding as well. As to the eighth finding, we agree with the court below that the above violations which are supported in the record also supports this finding.[6]

As to the court's last finding, an officer of the Board testified that when he visited the premises on

---

[3] See 40 Pa. Code, §§5.73, 5.74.

[4] See 40 Pa. Code, §5.73.

[5] See 40 Pa. Code, §5.74.

[6] See Section 493(12) of the Code, 47 P.S. §4-493(12), requiring a licensee to maintain complete and truthful records on the licensed premises for at least two years.

two separate occasions, he asked Licensee's executive chairman to produce the charter, which the latter was unable to do.[7] Finding evidence of record to support each of the findings of fact in question, we must affirm.

## No. 1794 C.D. 1976

On January 8, 1975, the Board issued Citation No. 133 of 1975. After hearing, the Board made the following findings of fact:

1. The licensed organization, by its servants, agents or employes sold liquor and/or malt or brewed beverages on the licensed premises to non-members, on November 30, December 8, 1974.

2. The licensed organization, by its serants, agents or employes sold, furnished and/or gave liquor and/or malt or brewed beverages between the hours of three o'clock ante meridian and seven o'clock ante meridian on December 8, 1974.

Upon consideration of these findings, as well as Licensee's record of prior citations, the Board ordered revocation of the license with bond forfeiture.[8] Following a de novo hearing in the court below, that court upheld the Board's order. We likewise affirm.

As with the prior appeal, the only argument advanced by Licensee is that the findings below lack support in the record. We cannot agree. An officer of the Board, who was not a member of Licensee, testified that on November 30, 1974, she entered Licensee's establishment and purchased a drink. She was not, at any time, asked if she were a member of Licensee nor was she asked to produce a membership card. This witness also testified that she returned

---

[7] See 40 Pa. Code, §5.75.

[8] See Section 406(a) of the Code, 47 P.S. §4-406(a).

to the premises on December 8, 1974 with two other officers of the Board. On that date, according to her testimony, they each purchased drinks on three separate occasions after 3 o'clock A.M. Her testimony was corroborated by statements of the two officers with whom she visited Licensee on that date. Since the two findings in question are supported by the record, we affirm.

## No. 1823 C.D. 1976

On November 25, 1975, the Board issued Citation No. 2162 of 1975. After hearing, the following findings of fact were made by the Board:

1. The licensed organization, by its servants, agents or employes sold liquor and/or malt or brewed beverages during a time when its Club Liquor License was suspended by order of the Pennsylvania Liquor Control Board, on August 2, October 4, 1975.

2. The licensed organization, by its servants, agents or employes removed notices of suspension before suspension period had terminated, on July 17, August 2, 3, 29, September 24, October 1, 4, 8, 1975.

Based upon these findings, as well as Licensee's record of prior citations, the Board revoked the license and ordered the forfeiture of Licensee's bond.[9] Following a de novo hearing, the court below upheld the Board's order. We affirm.

Once again, Licensee argues that the Board's findings are not supported by the record. Although not disputing the first finding, Licensee contends that the record does not support the Board's finding with respect to *all* of the dates in the second finding of fact. Rather, Licensee alleges that at most the record sup-

---

[9] *See* 40 Pa. Code, §§7.51, 7.53, 7.54.

ports a removal of the notice of suspension by it on six of the eight occasions. Our review of the record indicates that evidence does exist that the notices were removed on only six occasions. However, we are of the opinion that this does not amount to reversible error. It is beyond dispute that the court below was unable to alter the Board's order of revocation without first making *material* changes in the findings of fact. *Noonday Club of Delaware County, Inc. Liquor License Case,* 433 Pa. 458, 252 A.2d 568 (1969). Since the discrepancy between six and eight violations is de minimus, we conclude that the court below was without power to alter the Board's order and, therefore, we affirm.

Accordingly, we

### ORDER

AND Now, this 7th day of July, 1978, the orders of the Court of Common Pleas of Delaware County at No. 1751 C.D. 1973, No. 1794 C.D. 1976 and No. 1823 C.D. 1976 are affirmed.