Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Johnstown Turn-Verein, Appellee.

Submitted on briefs October 6, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*J. Leonard Langan,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 28, 1983:

The Pennsylvania Liquor Control Board (Board) appeals a Cambria County Common Pleas Court order which reversed Johnstown Turn-Verein's (licensee) liquor license suspension. We reverse.

The licensee, a club, was cited with a violation of the Liquor Code[1] which prohibits the sale of alcoholic beverages to non-members. After two refusals, an agent was served two drinks on his third visit. Based

---

[1] Section 406(a) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-406(a) which provides in part:

No club licensee nor its officers, servants, agents or employes, other than one holding a catering license, shall sell any liquor or malt or brewed beverages to any person except a member of the club.

on this violation, the Board ordered a seven-day license suspension.

In the trial court, by agreement, no additional testimony was heard. The licensee argued that the one violation was de minimis and could not sustain the penalty imposed.[2] The court agreed, but we must reverse.

Our scope of review is limited to a determination of whether this record supports the Board's action and whether the trial court abused its discretion or committed an error of law. *Pennsylvania Liquor Control Board Appeal*, 49 Pa. Commonwealth Ct. 255, 261, 411 A.2d 1258, 1259 (1980). The trial court did abuse its discretion by concluding that, because the proved violation was de minimis, it did not justify this penalty. In *Road Drivers' Association of Pennsylvania Liquor License Case*, 30 Pa. Commonwealth Ct. 323, 326, 373 A.2d 1161, 1163 (1977), we sustained a license revocation, holding that the sale of alcoholic beverages to non-club members was indeed a serious offense.

Moreover, it is well settled that a common pleas court may not change a penalty except when it has made significant and materially different findings from the Board. *In Re: The Boardwalk, Inc.*, 70 Pa. Commonwealth Ct. 416, A.2d (1982). Here, the trial court made no findings materially different from the Board. A finding that the severity of the penalty was in issue is error until our Legislature or our Supreme Court orders otherwise. We must hold that this constituted an abuse of discretion.

Reversed.

---

[2] Before the trial court, the licensee also argued that the actions of the agent constituted entrapment. However, the trial court rejected this argument and, on appeal to this Court, the licensee has chosen to stand on the lower court's opinion, thus abandoning this portion of its argument.

### ORDER

The order of the Cambria County Common Pleas Court, No. C-Misc. 1981-52, dated September 30, 1981, is reversed and the suspension reinstated.