549 A.2d 251

Slovak-American Citizens Club of Oakview, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

*Gary F. Di Vito, Goldstein, Friedberg, Kelly and Di Vito, P.C.*, for appellant.

*Felix Thau,* Deputy Chief Counsel, for appellee.

OPINION BY JUDGE SMITH, October 20, 1988:

Appellant Slovak-American Citizens Club of Oakview (Slovak) appeals from the decision of the Court of Common Pleas of Delaware County which affirmed two January 17, 1985 orders of the Pennsylvania Liquor Control Board (Board) under the Liquor Code (Code)[1]. The first Board order suspended Slovak's liquor license for improper record-keeping under Section 493(12) of

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§1-101 to 8-803.

the Code[2] while the second order revoked Slovak's liquor license for sale of alcoholic beverages to a non-member in violation of Section 406(a) of the Code[3], and ordered forfeiture of Slovak's bond.

Issues presented for review pertain to the trial court's findings relative to the constitutionality of Section 493(12); Board compliance with the mandatory ten-day notice requirement of Section 471 of the Code[4]; and sufficiency of the evidence to support the citation for sale of alcoholic beverages to a non-member. The trial court's decision is affirmed.

On April 11, 1984, the Board by citation no. 996 charged Slovak with failure to maintain records for a two-year period immediately preceding February 23, 1984 and failure to maintain complete and truthful records for its business operation between May 4, 1983 and February 22, 1984. Slovak was again cited on May 23, 1984 by citation no. 1526 for selling alcoholic beverages to a non-member on March 28, 1984. Following departmental hearing, the Board found Slovak guilty of the violations charged in both citations and imposed a 30-day liquor license suspension for no. 996 and a revocation for no. 1526.[5] Slovak then appealed to the trial

---

[2] 47 P.S. §4-493(12).

[3] 47 P.S. §4-406(a).

[4] 47 P.S. §4-471 provided that no penalty shall be imposed by the board or any court for any violations unless the enforcement officer or the board notified the licensee of *its nature and of the date of the alleged violation within ten days* of the completion of the investigation which in no event shall exceed ninety days. Effective July 1, 1987, this language was amended to require notice to the licensee of *the nature of any violation within thirty days* of completion of the investigation. (Emphasis added.)

[5] The Board considered eight prior citations issued against Slovak during the period from 1970 to 1982 in imposing the suspension penalty. The prior citations included, *inter alia*, violations based upon sale of alcoholic beverages to non-members; failure to

court which, after a consolidated hearing *de novo,* affirmed the Board's orders. Hence, this appeal.[6]

## I.

Slovak initially contends that the trial court erred in failing to find Section 493(12) unconstitutionally vague since failure to maintain cash register tapes and names of recipients of cleaning expense payments charged in citation no. 996 are not specifically prohibited. Section 493(12) provides in pertinent part that:

It shall be unlawful—

For any liquor licensee . . . to fail to keep on the licensed premises for a period of at least two years *complete and truthful records covering the operation of his licensed business,* particularly showing the date of all purchases of liquor and malt or brewed beverages, the actual price paid therefor, and the name of the vendor, including State Store receipts, . . . (Emphasis added.)

Difficulty in acertaining whether a violation falls within the penumbra of statutory language challenged as vague does not necessarily render the statute unconstitutional under the due process clause of the Fourteenth Amendment to the United States Constitution unless it fails to convey sufficiently definite warning

---

keep complete and truthful records for the period immediately preceding January 13, 1981; and an unexplained shortage in reported cash income. The revocation penalty was also based upon these prior citations as well as upon the violations charged in citation no. 996. Certified Record, Exhibits C-1 to C-9.

[6] This Court's scope of review, where the trial court hears a liquor license matter *de novo,* is to determine whether substantial evidence exists to support the trial court's findings of fact or whether the trial court committed an error of law or abused its discretion. *Logan Square Neighborhood Association Appeal,* 102 Pa. Commonwealth Ct. 224, 517 A.2d 581 (1986), *appeal denied,* 517 Pa. 611, 536 A.2d 1335 (1987).

as to proscribed conduct when measured against common understanding and practices. *Jordan v. DeGeorge*, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886, *rehearing denied*, 341 U.S. 956, 71 S.Ct. 1011, 95 L.Ed. 1377 (1951). Legislative enactment is valid as well unless courts cannot determine with any reasonable degree of certainty the legislative body's intent or the statute cannot be executed because extremely incomplete, conflicting and inconsistent in its provision. *Bresch v. Pennsylvania Liquor Control Board*, 42 Pa. Commonwealth Ct. 192, 401 A.2d 381 (1979). Legislative intent may be discerned through administrative interpretation in the absence of explicit statutory language as here. Section 1921(c)(8) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(c)(8); *Pennsylvania Liquor Control Board v. Burrell Food Systems, Inc.*, 97 Pa. Commonwealth Ct. 101, 508 A.2d 1308 (1986), *appeal denied*, 513 Pa. 636, 520 A.2d 1386 (1987). "The construction given a statute by those charged with its execution and application is entitled to great weight and should be disregarded or overturned only for cogent reasons and if such construction is clearly erroneous." *Id*. at 104, 508 A.2d at 1309. A strong presumption of constitutionality thus attaches to legislative acts and the challenger bears a heavy burden. *Replogle v. Pennsylvania Liquor Control Board*, 514 Pa. 209, 523 A.2d 327 (1987).

Although Slovak's constitutional challenge to Section 493(12) as applied to the cited conduct is one of first impression, it is not novel to other Code provisions. The provision "upon any other sufficient cause shown" which is contained in Section 471 and the terms "lewd, immoral and/or improper" in Section 493(10) of the Code, 47 P.S. §4-493(10), have withstood constitutional attacks similar to that advanced by Slovak.[7]

---

[7] *See Banks Liquor License Appeal*, 78 Pa. Commonwealth Ct. 159, 467 A.2d 85 (1983) and *Tahiti Bar, Inc. Liquor License Ap-*

Rationale employed to find other general Code provisions constitutional when assailed by vagueness challenges is equally applicable to the provision "complete and truthful records covering the operation of his licensed business" contained in Section 493(12). As remedial civil legislation, the Code is to be liberally construed to effectuate its purpose to protect the public health, welfare, peace, and morals. *Tahiti Bar, Inc. Liquor License Appeal,* 395 Pa. 355, 150 A.2d 112, *appeal dismissed,* 361 U.S. 85, 80 S.Ct. 159, 4 L.Ed.2d 116 (1959); *Quaker City Development Co., Inc. Liquor License Appeal,* 27 Pa. Commonwealth Ct. 13, 365 A.2d 683 (1976); Section 104 of the Code, 47 P.S. §1-104. Rules of conduct like those set forth in the Code must also necessarily be fashioned in general terms since their application depends upon the circumstances of each case. *Tahiti Bar, Inc.*

As it is virtually impossible to anticipate every action which may justify license suspension or revocation, "catch-all" provisions are therefore required to effectuate the Code's remedial objectives. The inclusion of such provisions suggests legislative recognition that remedial objectives would not be aptly served by an attempt to list all grounds subject to enforcement action. *See Banks; Quaker City Development Co., Inc.* Although Section 493(12) specifically provides for certain acts which constitute violations, it does not state that such acts are exclusive. Moreover, this provision has been interpreted as encompassing cash receipts, minutes books, and records concerning active and inactive members. *See Michael J. O'Connor Fourth Ward Republican Club Liquor License Appeal,* 36 Pa. Commonwealth Ct. 458, 389 A.2d 222 (1978).

---

*peal,* 395 Pa. 355, 150 A.2d 112, *appeal dismissed,* 361 U.S. 85, 80 S.Ct. 159, 4 L.Ed.2d 116 (1959), respectively.

Viewed in light of the foregoing, the "catch-all" provision of Section 493(12) clearly affords licensees sufficiently definite warning as to the proscribed failure to maintain cash register tapes[8] and names of recipients of cleaning expense payments[9] as both constitute records covering Slovak's organizational operation. Accordingly, the trial court did not err in finding Section 493(12) constitutionally sound.

Slovak further contends that the requirement to maintain cash register tapes is unevenly applied in contravention of Slovak's due process and equal protection rights since licensed establishments without cash registers or with electronic cash registers which do not produce tapes are not required to maintain them. The record indicates only that there is no requirement a licensee own a cash register which produces tapes. N.T., pp. 66-67. Nothing indicates, however, whether or not such establishments are required to maintain some other form of record-keeping in lieu of cash register receipts. Nor does the record indicate that Slovak cannot choose to operate without a cash register. This Court therefore finds insufficient evidence to support Slovak's contention.

Slovak next advances, without legal support, a double jeopardy challenge premised upon alleged Board action which seeks double punishment. It is specifically asserted that Slovak is being twice penalized for a time

---

[8] Testimony indicates that Slovak's had been maintaining cash register tapes for some time before disposing of them. N.T., 64-65.

[9] Moreover, 40 Pa. Code §5.73(b) requires licensees to maintain a record showing all expenditures and to support every expenditure by delivery tickets, invoices, receipted bills, cancelled checks, petty cash vouchers, or other sustaining data or memoranda. Cleaning expense payments and the recipients thereof clearly constitute expenditures. Additionally, failure to maintain proper bookkeeping might lead to fraud or theft of funds.

period which constitutes a portion of both citation no. 996 and a previous citation, no. 1738 of 1983, issued for noncompliance with the same record-keeping procedures and affirmed by this Court on May 9, 1986.[10] Review of this Court's prior opinion indicates that citation no. 1738 covered the period of May 4, 1981 to May 4, 1983. Thus, the overlapping time frame in dispute is February 23, 1982 to May 4, 1983.

Double jeopardy is activated to bar appeal to this Court only where a trial court judgment of acquittal on the merits concludes proceedings criminal in nature. *See Borough of West Chester v. Lal,* 493 Pa. 387, 426 A.2d 603 (1981). As the instant proceedings are civil in nature and not penal, double jeopardy is inapplicable. *Tahiti Bar, Inc.*[11] Although an improper overlapping of time frames did occur, a remand is unnecessary for reasons discussed *seriatim.*

## II.

Slovak additionally challenges the Board's affirmance of citation no. 1526 which charged Slovak with sale of alcoholic beverages to a non-member. Slovak argues that the Board failed to prove that actual notice of the charged violation was received within ten days of completion of the Board's investigation in accordance with Section 471, and therefore no penalty can be imposed. The enforcement officer testified that he completed his investigation on April 18, 1984. N.T., p. 19. Notice of violation was sent to Slovak by certified letter on April

---

[10] *See Slovak-American Citizens Club of Oakview v. Pennsylvania Liquor Control Board* (No. 3380 C.D. 1984, filed May 9, 1986). This Court notes that unreported decisions are not to be cited pursuant to 210 Pa. Code §67.55; however, this unreported decision is fundamental to Slovak's argument.

[11] Slovak's arguments more appropriately fall within concepts of res judicata and collateral estoppel.

19, 1984 which the Board later discovered was not delivered. N.T., pp. 20-21, 58-59. A second notice of violation was thus sent by first class mail between April 19, 1984 and June 5, 1984, but receipt thereof is unknown. N.T., pp. 21-23, 58-60. Remission of notice by certified mail is sufficient compliance although notice is returned unclaimed and a second notice is never received. Actual notice within ten days is not required under Section 471. *See Nu Studio Lounge, Inc. Liquor License Case*, 215 Pa. Superior Ct. 386, 258 A.2d 691 (1969). This Court thus finds the evidence sufficient to establish Board compliance with Section 471.

## III.

A further challenge is premised upon the Board's alleged failure to prove that liquor was sold to a club nonmember. The enforcement officer testified that he had never been a member of Slovak's and that he twice ordered and was served vodka and orange juice without challenge as to his membership. N.T., pp. 27, 29-30. Upon further questioning, the enforcement officer testified that it was possible that the liquor bottle from which his drinks were prepared could have contained water, but that he regularly consumed vodka and orange juice and that the drinks he received tasted like vodka and orange juice. N.T., pp. 31, 36-37. Contrary to Slovak's assertion, this testimony is sufficiently unequivocal to constitute competent, substantial evidence to satisfy the Board's burden of proving sale of liquor to a non-member. A chemical analysis is not required. *Bresch.* Nor is it this Court's function to resolve questions of witness credibility and evidentiary weight. *Omicron Enterprises Liquor License Appeal,* 68 Pa. Commonwealth Ct. 568, 449 A.2d 857 (1982).

Slovak alternatively argues that the Board improperly considered the non-final adjudication of citation no.

996 in assessing the revocation penalty relative to citation no. 1526, making revocation of its liquor license unwarranted. Assuming the Board considered citation no. 996 in its assessment of penalty, the offense of selling liquor to a non-member is sufficiently serious to warrant revocation of a licensee's liquor license under Section 406. *See Road Drivers' Association of Pennsylvania Liquor License Appeal*, 30 Pa. Commonwealth Ct. 323, 373 A.2d 1161 (1977). Furthermore, the Board considered eight other previous citations to support its penalty determination concerning citation no. 1526. *See Pennsylvania Liquor Control Board v. Seder*, 88 Pa. Commonwealth Ct. 351, 489 A.2d 278 (1985).[12] It is therefore unnecessary as well as impractical to remand the matter *sub judice* since the Board's revocation determination is legally sound solely upon the basis of citation no. 1526.

Accordingly, the trial court's decision is affirmed.

ORDER

AND NOW, this 20th day of October, 1988, the order of the Court of Common Pleas of Delaware County is affirmed.

Judge PALLADINO concurs in the result only.

This decision was reached prior to the resignation of Judge MACPHAIL.

---

[12] Slovak's additional argument that Section 471 restricts consideration of past violations to four years is meritless. Section 471 contains no such limiting language and no other legal authority is cited by Slovak to support this proposition. The age of the citations relates to the weight to be accorded them. Moreover, Slovak argues that the Board in assessing the penalty failed to consider Slovak's denial of admission to the enforcement officer on four prior occasions. Slovak, however, cites no legal authority requiring the Board to consider this evidence.