## In re George Atiyeh

*Kenneth W. Makowski, assistant counsel,* for Pennsylvania Liquor Control Board.
*Arthur T. Gillespie Jr.,* for petitioner.

WALLITSCH, *J.,* February 14, 1992—This matter comes before this court on the appeal of George Atiyeh (petitioner-licensee) from the Pennsylvania Liquor Control Board's decision refusing to renew petitioner-licensee's liquor license. Such appeal is authorized pursuant to 47 P.S. §4-464.

Neither petitioner-licensee nor the board produced any new evidence at the hearing but merely asked this court to consider the transcript of the hearing before Hearing Examiner Alan Baskin on January 26, 1990, as supplemented by the written opinion of the board and one additional document. Based on the evidence produced at that hearing, the board affirmed the decision to refuse to renew this license.

The record before this court reveals that on January 17, 1990, the director of licensing for the board sent a letter to petitioner-licensee advising him that his renewal application for the term effective February 1, 1990, was refused. The reasons given for such refusal were set forth in that letter.

A second letter sent to the petitioner-licensee by the board dated January 25, 1990, (not part of record) sets forth a further reason for refusing to renew the license, to wit, the petitioner-licensee's failure to timely file the renewal application.

The board, in its decision to deny the renewal of the license, found that the renewal application was not timely filed but apparently did not base its decision not to renew on that fact. (See footnote 1, infra.) Instead, the board found that the pattern of "repeated violations" evidenced by the adjudicated citations, as well as by the evidence in the record concerning the unadjudicated citations were sufficient to show that the petitioner-licensee abused his licensing privilege and that, pursuant to section 470, he should not have the license renewed.

We make the following findings of fact based upon the record before us:

(1) George Atiyeh (petition-licensee) operates a restaurant/bar business that was licensed by the Liquor Control Board (No. 2522). This business is located at 451-453 Lehigh Street, Allentown, Lehigh County, Pennsylvania, and trades as the Acorn Hotel.

(2) The petitioner-licensee had a total of 12 citations relating to alleged violations of the Liquor Code (47 P.S. §4-101 et seq.) in 1988 and 1989. These citations, and their status as of the date of the decision of the board not to renew the license, are as follows:

(a) Citation No. 88-0368, issued August 16, 1988, for the selling or furnishing of alcoholic beverages to minors. A fine of $1,000 was imposed and paid by the petitioner-licensee.

(b) Citation Nos. 88-1438 and 88-1479, consolidated, were issued February 2, 1989, for the maintenance of

a service bar and for advertising the price of alcoholic beverages. Fine of $300 and $150, respectively, were imposed and paid.

(c) Citation No. 88-1955, was issued May 23, 1989, for "loud and disorderly" entertainment, and furnishing and storing beverages off the licensed premises. At the time the board refused to renew the petitioner-licensee's license, the citation had not yet been heard by an administrative law judge.

(d) Citation No. 89-1497, was issued July 27, 1989, for loud and disorderly entertainment and furnishing beverages off the licensed premises. This citation also had not been adjudicated by an administrative law judge by the time of the non-renewal decision.

(e) Citation No. 89-1638, was issued August 16, 1989, for loud and disorderly entertainment. Again, no adjudication had been made by the non-renewal decision.

(f) Citation No. 89-1693, was issued August 23, 1989, for advertising the price of alcoholic beverages. The same lack of adjudication existed in this matter.

(g) Citation No. 89-1838, was issued on September 26, 1989, for loud and disorderly entertainment. Again, no adjudication had been made by the date of the decision to deny renewal.

(h) Citation No. 89-2007, was issued on October 12, 1989, for selling alcoholic beverages off premises. As in the previous eight citations, no adjudication had been made by the date of non-renewal.

(3) Petitioner-licensee was notified by letter of January 17, 1990, that his application for license renewal to be effective February 1, 1990, had been refused based upon the petitioner-licensee's history of violations and citations under authority of section 470 of the Liquor Code.

(4) By letter of January 25, 1990, petitioner-licensee was notified that a hearing would be held on the decision to deny renewal. This letter also notified petitioner-licensee that another issue concerning non-renewal was the failure to file the renewal application in a timely manner.

(5) A hearing was held by a hearing examiner on January 26, 1990. Based upon a review of the transcript of that hearing and the report of the hearing examiner, the Pennsylvania Liquor Control Board entered an order on January 30, 1990, denying the petitioner-licensee's application for renewal of the liquor license. The petitioner-licensee then filed the subject appeal.

(6) On January 31, 1990, (then President) Judge John E. Backenstoe of this court ordered a supersedeas to permit the petitioner-licensee to continue to operate as a petitioner-licensee pending final determination of the appeal on its merits. The board appealed this supersedeas order to the Commonwealth Court, which dismissed said appeal as interlocutory.

## ISSUE PRESENTED

Did the Pennsylvania Liquor Control Board abuse its discretion in refusing to renew the petitioner-licensee's liquor license based upon the adjudicated violations and unadjudicated citations under the authority of section 470 of Liquor Code?[*]

The applicable statutory authority for the appeal of a license renewal denial is found at section 464 of the Liquor Code, 47 P.S. §4-464. Although that section

---

[*] It should be pointed out that, although raised by the June 25, 1990, letter to the plaintiff-licensee, the board's order and opinion did not cite as a reason for non-renewal the late filing of the application and, therefore, that issue is not before this court.

provides that the Court of Common Pleas "shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved," the Commonwealth Court has further defined the trial court's scope of review.

The board may be reversed only when there has been a "manifest abuse of discretion" or where new facts varying from those accepted by the board are found by the trial court. *Beach Lake United Methodist Church v. Pa.L.C.B.,* 126 Pa. Commw. 71, 558 A.2d 611 (1989). In this case, there were no facts presented to the trial court other than the record which was made before the hearing examiner and upon which the board relied. Therefore, we are limited to decide whether there was a "manifest abuse of discretion" committed by the board.

The discretion of the board in denying the renewal of a liquor license should be no different than its discretion in approving or disapproving the original issuance of the license. The Supreme Court has mandated that a license may not be refused on grounds not embraced in the statute. *Pittaulis Liquor License Case,* 444 Pa. 243, 282 A.2d 388 (1971).

Section 470 of the Liquor Code governs the renewal of liquor licenses, and provides as follows:

"[U]nless the board shall have given 10 days' previous notice to the applicant of objections to the renewal of his license, based on the violation by the licensee or his servants, agents or employees of any of the laws of the Commonwealth or regulations of the board relating to the ... possession or sale of liquors, alcohol ... or brewed beverages, or the conduct of the licensed establishment ... the license of the licensee shall be renewed."

Therefore, the question before this court is whether there were "violations by the petitioner-licensee (or his employees) ... of any of the [state] laws ... or regulations of the board relating to the ... possession or sale of ... beverages, or the conduct of the licensed establishment," which support the denial of the renewal of the license.

It should be pointed out that the board has broad powers in the enforcement of regulations concerning the control of alcoholic beverages. As stated by our Supreme Court in *Tahiti Bar Inc. Liquor License Case,* 395 Pa. 355, 360, 150 A.2d 112, 115 (1959), "[t]here is perhaps no other area of permissible state action within which the exercise of the police power of a state is more plenary than in the regulation and control of the use and sale of alcoholic beverages." It is against this legal backdrop that we must judge the present case.

The petitioner-licensee argues that the board had no authority to consider the prior adjudicated citations in its decision to refuse to renew the license. Petitioner-licensee argues that, since the Bureau of Legal Enforcement, which since July of 1983 has had the responsibility to punish liquor code violations, did not move to revoke the license but merely invoked a fine, the board cannot now accomplish a "revocation" through its powers to deny renewal. Petitioner-licensee ignores the specific language of section 470 which specifically gives the board exactly such power to deny renewal. This section was part of the 1987 re-enactment of the Liquor Code which also changed the enforcement agency to the State Police's Bureau of Liquor Control Enforcement, 47 P.S. §211. If the legislature meant to abolish the right of the board to deny renewals based

upon violations enforced by the new state police bureau, it would have done so. There is no statutory language in the 1987 Act that could imply that the legislature wished to limit the board's power to decide whether licenses should be renewed.

The right of the board to consider prior adjudicated citations, and even prior unadjudicated citations, in license revocation cases (and therefore, assumedly, non-renewal cases) has been decided in such cases as *Slovak-American Citizens Club of Oakview v. Pa.L.C.B.* 120 Pa. Commw. 528, 549 A.2d 251 (1988). The petitioner-licensee in *Slovak-American* argued that the board improperly considered a non-final adjudication of a citation relating to the offense of selling liquor to a non-member. The Commonwealth Court held that this citation was sufficiently serious to warrant revocation of a license. In the present case, the non-adjudicated citations were apparently believed by the board to be of a sufficiently serious nature as to warrant non-renewal. This court has no authority to substitute its judgment for that of the board. Moreover the "double-jeopardy" theory mentioned in petitioner-licensee's brief was dealt with, adversely to the position of the petitioner-licensee, by the Commonwealth Court in *Slovak-American, supra* at 535, 549 A.2d at 255.

Petitioner-licensee also argues that nine non-adjudicated citations, pending disposition at the time of the decision to deny renewal, should not have been considered by the board. Although the board considered these citations, it did not do so by merely considering the charges of the citations. The hearing examiner took testimony on each alleged violation and the petitioner-licensee cross-examined each witness and had

the opportunity to put on his own evidence. In effect, an adjudication was made by the board on the basis of this record that the violations were also of a sufficiently serious nature to warrant non-renewal under section 470 of the Liquor Code. As in the case with adjudicated citations, this court cannot substitute its judgment for the judgment of the board.

Therefore, we cannot say that the board committed a manifest abuse of discretion in refusing to renew the license given the record that was before it.

## ORDER

And now, February 14, 1992, upon consideration of written briefs and oral argument of counsel, and for the reasons set forth in the accompanying opinion it is ordered that the decision of the Pennsylvania Liquor Control Board in the above-captioned matter is affirmed.

