Paula STEPHENS, Petitioner,

v.

**PENNSYLVANIA STATE BOARD
OF NURSING, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 20, 1994.
Decided March 28, 1995.

Winifred H. Jones–Wenger, for petitioner.

Beth Sender Michlovitz, for respondent.

Before McGINLEY, KELLEY, JJ., and RODGERS, Senior Judge.

KELLEY, Judge.

Paula Stephens, L.P.N., petitions for review of an order of the Pennsylvania State Board of Nursing (board) formally reprimanding Stephens and assessing a civil penalty in the amount of one thousand dollars ($1,000.00) pursuant to the Practical Nurse Law (Law).[1] We affirm.

Stephens presents the following issues for review: (1) whether Stephens was denied her due process rights because the applicable section of the Law is unconstitutionally vague and ambiguous in defining unprofessional conduct; (2) whether the board erred in concluding that Stephens violated the Law if the board failed to base its decision on any ascertainable standard of conduct; (3) whether the board erred in formally reprimanding Stephens for unprofessional conduct when it did not specifically find that her conduct was such that her license could be refused, revoked or suspended under the Law; (4) whether the board committed an error of law or abuse of discretion in concluding that Stephens violated the Law for the wrongful conduct of others as opposed to her behavior within the ambit of the Law.

Our scope of review of board decisions is limited to determining whether the board committed constitutional violations, errors of law, or whether any necessary findings of fact are unsupported by substantial evidence. 2 Pa.C.S. § 704.

In July, 1991, the board entertained a prosecution recommendation against Stephens after which it authorized its prosecutors take formal action against her. On September 6, 1991, a document which incorporated a notice, order to show cause and factual allegations that Stephens violated the Law was filed with the bureau.[2] On October 7, 1991, Stephens filed an answer, request for a hearing, a motion for amplification or to strike and a motion to strike or dismiss.

On December 11, 1991, the board entered an order, dated December 9, 1991, denying Stephens' motion to strike or dismiss, granting the motion for amplification or to strike, and ordering that its prosecutors amend paragraph 16 of the order to show cause. On January 14, 1992, an amended order to show cause why the board should not impose penalties upon Stephens for violations of the Law was filed. The order to show cause charged that Stephens was subject to disciplinary action under sections 16(a)(2), 16(a)(4) and 16(a)(8) of the Law, 63 P.S. § 666, for allegedly permitting a nurses aide to self-administer a controlled drug and not preventing the aide from abusing a patient at a nursing home where both were employed. Stephens filed an answer in response to the amended order to show cause and requested a due process hearing on the charges against her.

By order of June 12, 1992, the board ordered that adjudication of this matter be delegated to a hearing examiner in accordance with the General Rules of Administrative Practice and Procedure, 1 Pa.Code §§ 31.1–35.251.[3] A pre-hearing conference was held on August 17, 1992, and a formal administrative hearing was conducted by a hearing examiner on September 23, 1992.

1. Act of March 2, 1956, P.L. 1211, *as amended,* 63 P.S. §§ 651–667.8.

  The State Board of Nursing is a departmental administrative board in the Department of State. *See* section 202 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 62. Pursuant to the organizational chart of the Department of State, as found in the Pennsylvania Code, the State Board of Nursing is under the Bureau of Professional and Occupational Affairs. *See* 4 Pa.Code § 9.

  The Law establishes standards for the education of practical nurses and the practice of practical nursing. *See* 63 P.S. §§ 651–667.8. According to the Law, the board has the authority to license, investigate complaints and impose disciplinary sanctions with respect to practical nurses practicing in the Commonwealth. *Id.*

Stephens' $1,000.00 fine was imposed pursuant to section 14 of the Law, 63 P.S. § 665.

2. We note that the board incorrectly stated in its decision that the date that the initial order to show cause was filed with the bureau was February 16, 1991.

3. Prior to the scheduling of a hearing in this matter, our Supreme Court decided *Lyness v. State Board of Medicine,* 529 Pa. 535, 605 A.2d 1204 (1992) wherein it held that the same administrative body cannot commingle prosecutory and adjudicatory functions. Therefore, since the board initiated prosecution against Stephens by having authorized its prosecutors to take formal action against her, the board delegated the hearing of this matter to a hearing examiner.

On June 17, 1993, the hearing examiner issued a proposed adjudication and order. In that proposed adjudication, the hearing examiner made the following findings of fact:

1. Respondent is the holder of License No. PN–087889–L, issued by the Board authorizing her to work as a practical nurse in the Commonwealth of Pennsylvania. (Board Records)

2. From April 1985 until October 1989, Respondent was employed as a "charge nurse" at State College Manor Nursing Home in State College, Pennsylvania, with some supervisory authority over several nurse aides at that facility's south wing. (N.T. 8–9, 45–46, 74–75; Exhibit C–1, P.5)

3. In late summer or early fall, 1988, Timothy Berrena (Berrena), a nurse aide at State College Manor, in the presence of Respondent, ingested a small amount of the sleeping medication Haldol which Respondent had poured for a patient. (N.T. 9, 62–63; Exhibit C–1, P.7)

4. In or around August 1988, Berrena, in the presence of Respondent, verbally and physically harassed an elderly infirm patient, James Bowen, by flicking the patient's hat and otherwise verbally teasing the patient, causing the patient to become increasingly agitated. (N.T. 14–15; Exhibit C–1, PP. 8–10)

5. Respondent allowed Berrena's harassment of patient Bowen to continue for approximately ten minutes before taking action to stop it. (N.T. 15–17; Exhibit C–1, P.10)

6. Respondent did not report either the incident involving Berrena ingesting patient medication nor Berrena's harassment of patient Bowen to Respondent's supervising nurse nor to any other person of authority at State College Manor. (N.T. 63, 89–90)

7. Respondent was served with the Order to Show Cause issued in this matter,

filed an Answer thereto, and was present with legal counsel at the formal hearing held September 23, 1992. (Board Records; N.T. 3)

Based on these findings, the hearing examiner made the following conclusions of law:

1. The Board has jurisdiction over Respondent in this matter. (Findings of Fact nos. 1, 7)

2. Respondent has been afforded reasonable notice of a hearing and an opportunity to be heard in this proceeding. (Finding of Fact no. 7)

3. Respondent is not subject to disciplinary action under the Practical Nurse Law as alleged in the amended order to show cause filed in this matter.

Accordingly, the hearing examiner ordered that the charges made against Stephens be dismissed. On June 24, 1993, the board's prosecutors filed with the board a brief on exceptions to the decision of the hearing examiner.[4]

The board adopted verbatim the findings of fact made by the hearing examiner and thereafter made the following conclusions of law:

1. The Board has jurisdiction over Respondent in this matter. (Findings of Fact No. 1)

2. Respondent has been afforded reasonable notice of a hearing and an opportunity to be heard in this proceeding. (Findings of Fact No. 7)

3. Respondent's failure to report Timothy Berrena after he ingested the medication prescribed for a patient is a violation of Section 16(a)(8) of the Law, 63 P.S. § 666(a)(8), in that Respondent has been guilty of unprofessional conduct. (Findings of Fact No. 3, 6)

4. Respondent's observation of Berrena's harassment of patient Bowen for ap-

4. Pursuant to this court's decision in *Cooper v. State Board of Medicine*, 154 Pa.Commonwealth Ct. 234, 623 A.2d 433, *petition for allowance of appeal denied*, 535 Pa. 676, 636 A.2d 635 (1993), the board issued an order on July 20, 1993 which referred deliberation of this matter to three board members who did not vote in 1991 to initiate formal action against Stephens. The ad-

judication and order in this matter by these three board members was adopted by the entire board.

In *Cooper*, this court held, in accordance with our Supreme Court's decision in *Lyness*, that members of an administrative board who initiated prosecutorial action against a licensee may not take part in the adjudication of charges against that licensee.

proximately ten minutes before she took action to stop it was entirely too long. Respondent's failure to stop this harassment prior to then constitutes unprofessional conduct in violation of Section 16(a)(8) of the Law, 63 P.S. § 666(a)(8). (Findings of Fact Nos. 4, 5, 6)

5. Respondent's failure to report Berrena after he had harassed patient Bowen constitutes unprofessional conduct, a violation of Section 16(a)(8) of the Law, 63 P.S. § 666(a)(8). (Findings of Fact Nos. 4, 5, 6)

6. Respondent's violation of Section 16(a)(8) of the Law, 63 P.S. § 666(a)(8), authorizes the Board to impose disciplinary sanctions against the Respondent.

In accordance with its findings and conclusions, the board reversed the decision of the hearing examiner and ordered that Stephens be formally reprimanded for unprofessional conduct in violation of the Law and assessed upon her a civil penalty in the amount of one thousand dollars ($1,000.00). Stephens appealed the decision of the board to this court.

First, Stephens argues that she was denied due process in that section 16(a)(8) of the Law is unconstitutionally vague and ambiguous because it is unclear what constitutes unprofessional conduct.[5] Stephens argues the term "unprofessional conduct" as used in section 16(a)(8) provides no ascertainable standard against which conduct can be measured. Section 16(a)(8) of the Law provides:

(a) The board may refuse, suspend or revoke any license in any case where the board shall find, that the licensee

. . . .

(8) Has been guilty of unprofessional conduct or such conduct as to require a suspension or revocation in the public interest;

A strong presumption of constitutionality attaches to the acts of the General Assembly and a heavy burden of persuasion falls on the party seeking to rebut the presumption. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323 (1986). A vague statute denies due process by (1) not giving fair notice to people of ordinary intelligence that their contemplated activity may be unlawful and (2) they do not set reasonably clear guidelines for law officials and courts, thus inviting arbitrary and discriminatory enforcement. *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *Scurfield Coal, Inc. v. Commonwealth,* 136 Pa.Commonwealth Ct. 1, 582 A.2d 694 (1990).

In *Slovak–American Citizens Club of Oakview v. Pennsylvania Liquor Control Board,* 120 Pa.Commonwealth Ct. 528, 531–32, 549 A.2d 251, 253 (1988), this court set forth the applicable principles of law to be considered when statutory language is challenged as vague:

Difficulty in ascertaining whether a violation falls within the penumbra of statutory language challenged as vague does not necessarily render the statute unconstitutional under the due process clause of the Fourteenth Amendment to the United States Constitution unless it fails to convey sufficiently definite warning as to proscribed conduct when measured against common understanding and practices. *Jordan v. DeGeorge,* 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886, rehearing denied, 341 U.S. 956, 71 S.Ct. 1011, 95 L.Ed. 1377 (1951). Legislative enactment is valid as well unless courts cannot determine with any reasonable degree of certainty the legislative body's intent or the statue cannot be executed because extremely incomplete, conflicting and inconsistent in its provision. *Bresch v. Pennsylvania Liquor Control Board,* 42 Pa.Commonwealth Ct. 192, 401

---

5. When this appeal was argued before this court, counsel for Stephens stipulated that Stephens' constitutional argument had been waived due to Stephens' failure to give notice of the constitutional issue to the Attorney General pursuant to Pa.R.A.P. 521(a). However, upon further review, we hold that Stephens was not obligated to notify the Attorney General because the Commonwealth, through the State Board of Nursing which is within the Bureau of Professional and Occupational Affairs of the Department of State, is a named party to this action. *See* G. Darlington, K. McKeon, D. Schuckers, K. Brown, Pennsylvania Appellate Practice (1986), which comments at section 521:3: "[T]here is no need to comply with Rule 521(a) in civil cases [to give notice of the constitutional issue to the Attorney General] if the Commonwealth or any Commonwealth officer, acting in an official capacity, is a party."

A.2d 381 (1979). Legislative intent may be discerned through administrative interpretation in the absence of explicit statutory language as here. Section 1921(c)(8) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(c)(8); *Pennsylvania Liquor Control Board v. Burrell Food Systems, Inc.,* 97 Pa.Commonwealth Ct. 101, 508 A.2d 1308 (1986), appeal denied, 513 Pa. 636, 520 A.2d 1386 (1987). "The construction given a statute by those charged with its execution and application is entitled to great weight and should be disregarded or overturned only for cogent reasons and if such construction is clearly erroneous." *Id.* at 104, 508 A.2d at 1309. A strong presumption of constitutionality thus attaches to legislative acts and the challenger bears a heavy burden. *Replogle v. Pennsylvania Liquor Control Board,* 514 Pa. 209, 523 A.2d 327 (1987).

With these principles in mind, this court does not believe that section 16(a)(8) of the Law is unconstitutionally vague or ambiguous. It is true that, considered in isolation, the term "unprofessional conduct" has no inherent, objective meaning from which a precise standard defining proscribed conduct can be fashioned. However, our Supreme Court has determined that language like that found in section 16(a)(8) does not exist, and is not applied, in isolation.

For example, in *Beatty v. State Board of Undertakers,* 352 Pa. 565, 43 A.2d 127 (1945), the statute in question gave the Pennsylvania State Board of Undertakers the power to "refuse to grant, refuse to renew, suspend or revoke a license of any applicant or licensee" for, among other things, "gross incompetency, negligence or misconduct in the carrying on of such business or profession." [6] Our Supreme Court, in considering the question of what constitutes "misconduct" under the statute in question, opined:

As to what constitutes "misconduct" in the carrying on of the business of undertaking, a large measure of discretion must necessarily be left to the State Board of Undertakers in the first instance ... for

misconduct may consist of the breach of any of the generally accepted canons of ethics and propriety governing the respectful and reverential burial of the dead.

*Id.* at 568, 43 A.2d at 128.

According to our Supreme Court's logic, even though the term "unprofessional conduct," like the term "misconduct," fails on its face to provide a standard by which conduct can be uniformly judged, this type of language may be interpreted in the context of the common knowledge and understanding of members of a particular profession in order to determine if it gains the required specificity.

The board herein, noting in its decision that "it is incumbent upon a nurse to look out for the welfare of all patients," found Stephens' failure to report Berrena for either instance discussed herein to evidence "poor judgment" and "deplorable" behavior which "rises to the level of unprofessional conduct." This interpretation of what constitutes unprofessional conduct by the board leads us to conclude that the prohibition against unprofessional conduct set forth in section 16(a)(8) requires no greater precision of statutory language since the term "unprofessional conduct," like the term in *Beatty,* gains the required specificity when considered within the context of the common knowledge and practices of members of the practical nursing profession.

Moreover, the board has set forth in regulations, promulgated pursuant to the Law, the standard of conduct expected of a licensed practical nurse. Those standards provide that a licensed practical nurse shall, *inter alia,* respect a patient's right to freedom from physical abuse and act to safeguard a patient from abusive practice of any individual. *See* 49 Pa.Code § 21.148.[7] Further, a licensed practical nurse may not knowingly assist another person to violate or circumvent a law or board regulation. *Id.* We believe that these standards of nursing conduct provide a definite warning to a licensee, in addition to the provisions of the Law

---

6. Section 8 of the Act of 1931, 63 P.S. § 478h.

7. Pursuant to the Law, the board is mandated to promulgate rules and regulations for the practice of practical nursing. 63 P.S. § 667.6.

as interpreted by the board, of what may constitute unprofessional conduct by setting forth an ascertainable standard against which conduct can be measured. *See Pennsylvania Medical Society v. Foster,* 154 Pa.Commonwealth Ct. 562, 624 A.2d 274 (1993) (Any unconstitutional vagueness in provision of motor vehicle financial responsibility law prohibiting direct patient billing was cured by Insurance Commissioner's regulations).

Accordingly, we hold that section 16(a)(8) of the Law is constitutionally sound.

Second, Stephens argues that the board committed an error of law in formally reprimanding her for unprofessional conduct based on the language of section 16(a)(8) and contends that the language therein is so patently vague that it provides no ascertainable standard for determining what unprofessional conduct is within the meaning of the Law. This argument is merely a restatement of Stephens' contention that the Law is unconstitutional based on vagueness which we have already addressed; therefore, we will address next Stephens' third issue raised on appeal.

■ Third, Stephens argues that it was error for the board to formally reprimand her for unprofessional conduct since the board did not specifically find her conduct to warrant the refusal, revocation or suspension of her license under section 16(a)(8). We disagree.

Pursuant to section 16(b) of the Law, the board may impose a variety of disciplines when the board finds that a licensee is guilty of an offense set forth in section 16(a).[8] According to the plain language of section 16(a) and 16(a)(8), the board *may* refuse, suspend or revoke any license where the board finds that the licensee has been guilty of unprofessional conduct *or* such conduct as to require a suspension or revocation in the public interest. Therefore, it is within the board's discretion as to whether to refuse, suspend or revoke a license when it finds the licensee

is guilty of unprofessional conduct. Further, the use of the term "or" in section 16(a)(8) indicates an authorization for an alternative basis for imposing discipline. Accordingly, the board was not required to make a separate finding that Stephens' conduct was of such a serious nature as to require suspension or revocation of her license before ordering a formal reprimand for her actions.

■ Stephens' final argument before this court is that the board erred in concluding that she violated the Law for the wrongful conduct of others as opposed to her behavior within the ambit of the Law. Stephens contends that section 2 of the Law confines the activities of a practical nurse to those activities that are under the direction of his or her superior and that she cannot be charged under the Law with activities performed in her role as the supervisor of other individuals.

Section 2 of the Law provides:

(1) The "practice of practical nursing" means the performance of selected nursing acts in the care of the ill, injured or infirm under the direction of a licensed professional nurse, a licensed physician or a licensed dentist which do not require the specialized skill, judgment and knowledge required in professional nursing.

63 P.S. § 652(1).

In response, the board contends that as section 3 of the Law authorizes a practical nurse to supervise the services rendered by nurse aides, supervisory failings by a practical nurse come under the purview of the Law. Section 3(10) provides:

This act does not prohibit:

. . . .

(10) Auxiliary services rendered by persons carrying out duties necessary for the support of nursing service, including those duties which involve minor and very basic nursing services for patients, performed in health care facilities or elsewhere under the direction of licensed physicians or as

---

**8.** Section 16(b) provides, in part:

(b) When the board finds that the license of any nurse may be refused, revoked or suspended under the terms of subsection (a), the board may:

. . . .

(2) Administer a public reprimand.

delegated by licensed registered nurses and performed under the direction of professional nurses or licensed practical nurses.

63 P.S. § 653(10).

We reject Stephens' contention that she has been charged with behavior that does not fall within the ambit of the definition of her profession. As pointed out by the board, the plain language of section 3(10) provides that the Law does not prohibit "nursing service ... under the direction of licensed practical nurses." According to the evidence of record and the board's Finding of Fact No. 2, it is undisputed that Berrena, engaged in "carrying out duties necessary to the practice of nursing," under Stephens' supervision when he committed the acts which Stephens failed to report.

Further, the board's conclusions, based on its findings, clearly show that Stephens has been reprimanded for her own conduct, not the conduct of Berrena. We note the following conclusions by the board:

3. Respondent's failure to report Timothy Berrena after he ingested the medication prescribed for a patient is a violation of Section 16(a)(8) of the Law, 63 P.S. § 666(a)(8), in that Respondent has been guilty of unprofessional conduct. (Findings of Fact No. 3, 6)

4. Respondent's observation of Berrena's harassment of patient Bowen for approximately ten minutes before she took action to stop it was entirely too long. Respondent's failure to stop this harassment prior to then constitutes unprofessional conduct in violation of Section 16(a)(8) of the Law, 63 P.S. § 666(a)(8). (Findings of Fact Nos. 4, 5, 6)

5. Respondent's failure to report Berrena after he had harassed patient Bowen constitutes unprofessional conduct, a violation of Section 16(a)(8) of the Law, 63 P.S. § 666(a)(8). (Findings of Fact Nos. 4, 5, 6)

Accordingly, the order of the board is affirmed.

### ORDER

NOW, this 28th day of March, 1995, the order of the Pennsylvania State Board of Nursing, dated November 30, 1993, at No. 0339–51–91, is affirmed.