523 A.2d 327

Douglas Steve REPLOGLE, Appellant,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA LIQUOR CONTROL BOARD, Appellee.

Supreme Court of Pennsylvania.

Submitted Jan. 29, 1987.

Decided March 30, 1987.

Richard S. Wilt, Huntingdon, for appellant.

Michael L. Harvey, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This case began when Douglas Steve Replogle, trading and doing business as Ye Olde Barn Lounge (Appellant) filed an action for a Declaratory Judgment and Supplemental Relief in the Commonwealth Court against the Pennsylvania Liquor Control Board (PLCB). Appellant's suit challenged the constitutional validity of the local option provision embodied in Section 472 of the Liquor Code. 47 P.S. § 4–472. The local option provision permits municipalities,

by referendum, to prohibit the sale of alcoholic beverages within their borders. The appellant sought to have the court declare Section 472 illegal and void on the grounds that: (1) it violates Article I, Section 10 of the Pennsylvania Constitution; (2) it violates the Fourteenth Amendment of the United States Constitution; and (3) it violates the Fifth Amendment of the Federal Constitution. The appellant also sought supplemental relief by way of a rule upon the PLCB to show cause why an order should not issue directing the PLCB to consider appellant's application for renewal of his restaurant liquor license pending resolution of the constitutional issues. In response to appellant's action, the PLCB filed preliminary objections in the nature of a demurrer. A panel of the Commonwealth Court (Craig, Palladino and Kalish, J.J.) sustained the demurrer and dismissed appellant's suit. Appeal to this court followed.[1] We now affirm.

The factual background of this case, as set forth in appellant's complaint and in his testimony,[2] is as follows:

The appellant was the owner of a restaurant—lounge business which he operated under restaurant liquor license No. 20038 issued to him by the PLCB. The business was conducted in Penn Township, Huntingdon County, Pennsylvania under the trade name of Ye Olde Barn Lounge. Appellant acquired the retail liquor license in August, 1972. He opened for business under the license on April 1, 1977. Appellant was never cited for violating any provision of the Liquor Code and he renewed his license annually without incident. The appellant owns the real estate from which he operated the lounge. He purchased the property in order to get into the tavern business and over the years he invested about $150,000.00 in the realty in furtherance of his business.

1. We have jurisdiction in this appeal from a final order of the Commonwealth Court which is in a matter originally commenced in that court. Pa.Rule of Appellate Rev. 1101; 42 Pa.C.S.A. § 723(a).

2. A hearing was held on appellant's request for supplemental relief wherein he sought to have the court direct the PLCB to consider his application for renewal of his liquor license.

At the primary election held on May 21, 1985 a referendum, pursuant to Section 472 of the Liquor Code, was voted on by the voters of Penn Township. A majority of the electorate voted to ban the granting or renewal of liquor licenses in the township, and according to section 472, the PLCB then was without authority to renew appellant's liquor license when it expired on January 31, 1986. Section 472 of the liquor code provides that a referendum may not be held in the same municipality "... oftener than once in four years ..." 47 P.S. § 4–472. Because of this limitation, the question of liquor sales in the township could not come up for another vote until, at the earliest, the primary election in 1989. As a result, the appellant cannot seek to have the voters reconsider by another referendum vote until that time.

Article I, Section 10 of the Pennsylvania Constitution provides, in relevant part:

"... nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured."

The Fifth Amendment to the United States Constitution, in relevant part, provides:

"No person shall be ... deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

The appellant argues that Section 472 of the Liquor Code providing for a local option violates Article I, Section 10 of the Pennsylvania Constitution and the Fifth Amendment to the federal constitution because the local option permits the voters of a municipality to execute a taking of private property without payment of just compensation. Section 472 of the Liquor Code, in relevant part, provides:

In any municipality ..., an election may be held on the date of the primary election immediately preceding any municipal election, but not oftener than once in four years, to determine the will of the electors with respect to the granting of liquor licenses to hotels, restaurants and

clubs ..., within the limits of such municipality ... under the provisions of this Act.... Whenever electors equal to at least twenty-five per centum of the highest vote cast for any office in the municipality ... at the last preceding general election shall file a petition with the county board of elections of the county for a referendum on the question of granting any of said classes of licenses ..., the said County Board of Elections shall cause a question to be placed on the ballots or on the voting machine board and submitted at the primary immediately preceding the municipal election.

\* \* \* \* \* \*

In case of a tie vote, the status quo shall obtain. If a majority of the voting electors on any such question vote 'yes,' then liquor licenses shall be granted by the board to hotels, restaurants and clubs, ... in such municipality ..., as provided by this Act; but if a majority of the electors' voting on any such question vote 'no,' then the board shall have no power to grant or to renew upon their expiration any licenses of the class so voted upon in such municipality....

47 P.S. § 4–472. The appellant contends that the referendum of the Penn Township electors that barred the granting or renewal of retail liquor licenses within the municipality accomplished a taking of private property—his restaurant liquor license—for which he is entitled to just compensation. Appellant's argument raises the issue of whether appellant had a property right in the renewal of the license. The Commonwealth Court concluded that he did not. We agree.

■ Neither the appellant nor anyone else has any property interest in the right to sell liquor in this Commonwealth. *Appeal of Spankard,* 138 Pa.Super. 251, 10 A.2d 899 (1940). "An individual has no constitutional right to engage in the business of selling alcoholic beverages. The conduct of such a business is lawful only to the extent that it is made so by the Liquor Code." *Tahiti Bar Inc., Liquor License Case,* 395 Pa. 355, 150 A.2d 112 (1959). A liquor

license issued pursuant to the provisions of the Liquor Code is encumbered by the conditions of the Code. The license may be taken away under conditions prescribed by law without compensation to the licensee. Likewise, the ability to seek the granting of a license or the right to a renewal of an existing license may be taken away without compensation. This was done throughout the entire country when the Eighteenth Amendment to the United States Constitution became law. *Appeal of Spankard, supra.*

Prior to the adoption of the Eighteenth Amendment to the Federal Constitution it was recognized that the several states, pursuant to their police powers, had the exclusive right to regulate or even forbid the sale of liquor within their borders. *48 C.J.S. Intoxicating Liquors, § 22.* In *Mugler v. Kansas*, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205 (1887), the U.S. Supreme Court held that a statewide ban on the manufacture and sale of liquor in Kansas was a proper exercise of the police powers of the state and did not contravene the United States Constitution even though it had the effect of putting previous lawful businesses out of business and greatly diminishing the value of their equipment and property.

The Twenty-First Amendment to the United States Constitution repealed the Eighteenth Amendment and established broad authority in the states to regulate, limit and absolutely prohibit traffic of any kind in alcoholic beverages within their respective boundaries. "There is perhaps no other area of permissible state action within which the exercise of the police power of a state is more plenary than in the regulation and control of the use and sale of alcoholic beverages." *Tahiti Bar, Inc., Liquor License Case, supra.*

While the States, vested as they are with general police power, require no specific grant of authority in the Federal Constitution to legislate with respect to matters traditionally within the scope of the police power, the broad sweep of the Twenty-first Amendment has been recognized as conferring something more than the normal state authority over public health, welfare, and morals. In

*Hostetter v. Idlewild Bon Voyage Liquor Corp.*, 377 U.S. 324, 330, 84 S.Ct. 1293, 1297, 12 L.Ed.2d 350 (1964), the Court reaffirmed that by reason of the Twenty-first Amendment "a State is totally unconfined by traditional Commerce Clause limitations when it restricts the importation of intoxicants destined for use, distribution, or consumption within its borders." Still earlier, the Court stated in *State Board v. Young's Market Co.*, 299 U.S. 59, 64, 57 S.Ct. 77, 79, 81 L.Ed. 38 (1936):

"A classification recognized by the Twenty-First Amendment cannot be deemed forbidden by the Fourteenth."

*California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), rehearing denied, 410 U.S. 948, 93 S.Ct. 1351, 35 L.Ed.2d 615 (1973). *See also Commonwealth v. Stofchek*, 322 Pa. 513, 185 A. 840 (1936).

In *Tahiti Bar, Inc.*, citing *Cavanaugh v. Gelder*, 364 Pa. 361, 72 A.2d 85 (1950), we said: " 'The power of the state to regulate the sale of intoxicating liquors, and, in the exercise of that power, to authorize the granting of licenses to fit persons under such conditions as the legislature may impose is too well settled to be open to discussion.' Accordingly, since the state may absolutely forbid or may license the sale of intoxicating liquors, it may impose such conditions upon the granting of licenses as it sees fit, and one who accepts such license must be deemed to consent to all proper conditions and restrictions which have been or may be imposed by the legislature in the interest of the public morals or safety." 395 Pa. at 363, 150 A.2d 112. In the instant case the appellant applied for and was granted, on a yearly basis, a restaurant liquor license subject to all proper conditions of the Liquor Code. One of those conditions was the local option provision set forth in Section 472 of the Code. 47 P.S. § 4–472. Local option laws providing for a popular vote on whether liquor sales will be permitted in political subdivisions have been upheld as valid excercises of state police powers in the face of constitutional objections.

*See 45 Am.Jur.2nd, Intoxicating Liquors* § 80 and cases cited therein.

■ The legislature has specifically provided that the Liquor Code ... "shall be deemed an exercise of the police powers of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth and to prohibit forever the open saloon, and all of the provisions of this act shall be liberally construed for the accomplishment of this purpose." 47 P.S. § 1–104(a). The local option provision of the Code (section 472) was adopted pursuant to the police powers of the Commonwealth for the general purposes as stated by the legislature. It was enacted in furtherance of and for the protection of the public welfare, health, peace and morals of the people of Pennsylvania by giving the opportunity to the voters of the various political subdivisions of the Commonwealth, to decide whether the sale of liquor should be allowed within their respective municipal limits. We hold this to be a valid exercise of the police powers of the Commonwealth bearing a substantial relationship to the stated object and purposes of the Liquor Code. As such it was a proper condition of the license issued to appellant and was a condition consented to by the appellant when he applied for and accepted the license.

The appellant argues that there is a distinction between the liquor license itself and the opportunity for business income that is directly tied to the license. Appellant asserts that he had a property interest in this opportunity for business income which was taken away when the local option vote was in the negative. He argues that it is for this property interest that he is entitled to just compensation. Appellant relies upon the cases of *Redevelopment Authority of the City of Philadelphia v. Lieberman*, 461 Pa. 208, 336 A.2d 249 (1975) and *1412 Spruce, Inc. v. Commonwealth, Pennsylvania Liquor Control Board*, 504 Pa. 394, 474 A.2d 280 (1984). Appellant's reliance is misplaced.

■ In *Lieberman,* the issue before the court was "whether, in an eminent domain proceeding, a condemnee whose retail liquor license loses value as a result of the condemnation of the premises for which the license was issued, is entitled to have such loss considered in the award of just compensation to be paid by the condemnor." *Lieberman v. Redevelopment Authority of Philadelphia,* 461 Pa. at 210–11, 336 A.2d at 251. We held there that the loss of value in the condemnee's liquor license was a compensable loss within the United States Constitution, the Pennsylvania Constitution and the Eminent Domain Code. This, however, does not help the appellant here. In *Lieberman,* the condemnee's real estate was taken for public use by a Redevelopment Authority. Because of the taking, the condemnee was entitled to the fair market value of the property taken. Fair market value is the price that would be agreed to by a willing and informed seller and buyer, taking into account, inter alia, the present use of the property and its value for that use. The condemnee was operating a retail liquor establishment under a valid, unrevoked and renewable liquor license in a municipality which permitted liquor sales. These circumstances were to be taken into consideration in computing damages. This is an entirely different situation than that which is present in the instant case. Here there was no property taken for public use. No authority or governmental body condemned any of appellant's property for public purposes. The electorate of Penn Township, pursuant to the provisions of the Liquor Code, voted to prohibit the sale of liquor within the municipality. The appellant's license was issued subject to the condition that the inhabitants of the township could vote to ban liquor sales at some future time. Now that the electorate has exercised that right, the appellant will not be heard to demand compensation.

■ In *1412 Spruce, Inc.,* the issue was whether a liquor license is subject to levy, execution or attachment in the enforcement of a money judgment. This has little to do with the question in the case sub judice. Whether a license

is or is not subject to levy, execution or attachment to satisfy a judgment, the license is always subject to the conditions of the Liquor Code. One of those conditions is the local option provision that could render the PLCB without the authority to renew the license as happened in this case. Where the electors of a municipality proceed in accordance with the provisions of Section 4-472 of the Liquor Code and vote to prohibit the sale of alcoholic beverages within their boundaries, that vote is not a taking of private property for public use requiring compensation to those who are unable to renew a license.

Appellant further argues that the local option law (47 P.S. § 4-472) violates the Fourteenth Amendment[3] to the United States Constitution because it fails to provide due process of law safeguards to license holders in the various municipalities. Appellant contends that the lack of due process results from the legislature delegating police powers to the electorate without providing standards to guide the voters. Appellant argues there is nothing to assure that the voters of a municipality will not vote to ban liquor sales for improper motives. First, we question the appellant's characterization of Section 472 as a legislative delegation of police powers. "Under our constitutional assumptions, all power derives from the people, who can delegate it to representative instruments which they create." *City of Eastlake v. Forest City Enterprises, Inc.,* 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976). In this instance, the power to regulate liquor sales generally, was given to the legislature as a representative body. A portion of that power was returned to the people whence it came in the form of the local option law. The fact that its return to the people was not accompanied by discernible standards does not invalidate that power. The question is not whether the legislature prescribed standards when the local option provi-

3.   ..."No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
Fourteenth Amendment of the United States Constitution

sion was adopted, but whether the law is a reasonable exercise of police powers and is rationally related to the object and purposes of the Liquor Code. We hold that it is, and correspondingly, we further hold that the local option law does not violate the Fourteenth Amendment.

There is a strong presumption of constitutionality enjoyed by acts of the General Assembly and there is a heavy burden on he who challenges an act. Legislation will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution. *American Trucking Associations v. Scheiner*, 510 Pa. 430, 509 A.2d 838 (1986); *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983); *Daly v. Hemphill*, 411 Pa. 263, 191 A.2d 835 (1963). The appellant, who in this suit challenges the constitutionality of the local option provisions of the Liquor Code, 47 P.S. § 4–472, has failed to sustain this burden. The order of the Commonwealth Court is affirmed.