526 A.2d 458

Michael J. Horan, an individual, Petitioner *v.* Commonwealth of Pennsylvania, and Pennsylvania Liquor Control Board, Respondents.

Argued March 24, 1987, before President Judge
CRUMLISH, JR., Judge PALLADINO, and Senior Judge
NARICK, sitting as a panel of three.

*Joseph DiPaolo,* with him, *Michael C. George, Ferris, DiPaolo & Russo,* for petitioner.

*Thomas B. York,* Deputy Attorney General, with
him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, Office of Attorney General.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 26,
1987:

Michael J. Horan has filed an action for declaratory
judgment[1] in this Court's original jurisdiction[2] challenging the constitutionality of the Act of February 28,
1985, P.L. 1 (Act 1985), which prohibited tournaments

---

[1] The Declaratory Judgments Act is found at 42 Pa. C. S.
§7531—7541.

[2] 42 Pa. C. S. §761.

within premises licensed by the Pennsylvania Liquor Control Board (PLCB). The Commonwealth and the PLCB have filed preliminary objections, which are before the Court at this time. We sustain the preliminary objections and dismiss Horan's complaint.

In his complaint, Horan avers that he is engaged in the business of operating tournaments in this Commonwealth and that the enactment of Act 1985 violated his rights to equal protection and due process of law.[3] Horan does not allege that he owns a liquor license. Act 1985 repealed former Section 476 of the Liquor Code,[4] which permitted tournaments in licensed premises.

The Commonwealth and PLCB assert four grounds· in support of their preliminary objections: (1) failure to state a cause of action (demurrer); (2) lack of standing to raise the claims asserted; (3) failure to join indispensable parties (licensed premises); and (4) ripeness.

Turning to the Commonwealth's demurrer, we note that preliminary objections in the nature of a demurrer

---

[3] Horan does not specifically cite which federal and/or state constitutional provisions have been violated. However, the equal protection and due process clauses are found in U.S. CONST. amend XIV, §1 and PA. CONST. art 1, §26.

[4] Section 476 of the Act of April 12, 1951, P.L. 90, *as amended,* added by Section 5 of the Act of May 9, 1984, P.L. 246, *formerly* 47 P.S. §4-476, repealed by Act 1985. That section read:

> Sporting Tournaments.—(a) Any . . . retail or club licensee, either alone or in combination, may sponsor, hold or permit to be held, on the licensed premises or on premises contiguous and adjacent thereto, a . . . card tournament or contest without having to obtain any permits therefor.
>
> . . . .
>
> (c) Cash moneys or negotiable instruments of any type or kind, or trophies, prizes or premiums may be offered or awarded, traded or received by any person at such . . . card tournaments or contests.

are not to be sustained unless the law says with a certainty that no recovery is possible and the complaint is clearly insufficient to establish any right to relief. *Allegheny County v. Commonwealth*, 507 Pa. 360, 490 A.2d 402 (1985). All well-pleaded, material, relevant facts found in the complaint and every inference fairly deducible therefrom are admitted as true by the objector. *Id.*

Act 1985 regulates the operation of tournaments in *licensed establishments*. Tournaments are prohibited except for those organized on the behalf of charitable organizations and conducted in areas removed from alcohol.[5] Horan alleges that he was injured because he is not permitted to continue operating his tournament business in establishments licensed by the PLCB.

In *Replogle v. Pennsylvania Liquor Control Board*, Pa. , 523 A.2d 327 (1987), our Supreme Court recently restated the well-settled principle that the legislature may impose such conditions upon the granting of liquor licenses as it sees fit. Pa. at , 523 A.2d at 330. Thus, the regulation of tournaments on licensed premises is well within the legislature's discretion. Moreover, the loss of an opportunity for business income tied to a liquor license is not compensable where there is no property taken for public use. *Id.*

Accepting all averments in Horan's complaint as true, we hold that he fails to state a cause of action upon which relief can be granted.[6] The Commonwealth and PLCB's preliminary objections are granted.

---

[5] The tournament must be conducted in a room separate from the main alcoholic and malt beverage area, and alcoholic beverages shall not be permitted within the area. 40 Pa. Code §5.32(g)(1)(i)(v).

[6] Since the demurrer is dispositive of Horan's complaint, we need not address the remaining preliminary objections.

ORDER

After argument and upon consideration of the respondents' preliminary objections and petitioner's reply thereto, it is ordered that the preliminary objections are granted and Horan's action for declaratory judgment is dismissed.