601 A.2d 408

**4828 PACE'S LOUNGE, INC., Appellant,**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 27, 1991.

Decided Dec. 11, 1991.

Richard L. Hahn, for appellant.

Kenneth W. Makowski, Asst. Counsel, for appellee.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is the appeal of 4828 Pace's Lounge, Inc. (Pace) from the April 24, 1991 order of the Court of Common Pleas of Philadelphia County which denied Pace's appeal from the action of the Pennsylvania Liquor Control Board (Board) in rejecting Pace's renewal application for a liquor license. The trial court's decision is reversed.

On August 22, 1989, Pace filed with the Board an application for a renewal of its liquor license for the term beginning November 1, 1988 and expiring October 31, 1989. An application for renewal of its liquor license for the term beginning November 1, 1989 and expiring October 31, 1990 was also filed by Pace on August 22, 1989. Those renewals were never issued by the Board because Pace failed to obtain the necessary tax clearances from the Department of

Revenue and Department of Labor and Industry (Departments) as required by Section 477 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4-477.

On February 22, 1990, the Board sent a letter to Pace indicating that the renewals for the years in question were being refused because Pace failed to obtain the necessary tax clearance certificates from the Departments. In its letter of that date, the Board advised Pace that it would be given "a reasonable period of time" within which to rectify the matter but in no event beyond the expiration date of the license term which would be October 31, 1990. On May 9, 1990, Pace was notified by the Board that it was terminating the applications for renewal and closing its file because a ten-month period had expired.[1] On May 18, 1990, Pace notified the Board that it filed the renewal application on a timely basis, that the ten-month period referred to in the Board's letter of May 9, 1990 applies only to a failure to file the renewal application and requested that the Board grant Pace a hearing pursuant to Section 464 of the Code, *as amended,* 47 P.S. § 4-464.

On July 19, 1990, the Board refused to grant a hearing to Pace stating that Pace failed to request a hearing within

1. Section 470(a) of the Code, *as amended,* 47 P.S. § 4-470(a) states as follows:

(a) All applications for renewal of licenses under the provisions of this article shall be filed with a new bond, requisite license and filing fees at least sixty days before the expiration date of same: Provided, however, That the board, in its discretion, may accept a renewal application filed less than sixty days before the expiration date of the license with the required bond and fees, upon reasonable cause shown and the payment of an additional filing fee of one hundred dollars ($100.00) for late filing: And provided further, That except where the failure to file a renewal application on or before the expiration date has created a license quota vacancy after said expiration date which has been filled by the issuance of a new license, after such expiration date, but before the board has received a renewal application within the time prescribed herein *the Board, in its discretion, may, after hearing, accept a renewal application filed within ten months after the expiration date of the license* with the required bond and fees upon the payment of an additional filing fee of two hundred fifty dollars ($250.00) for late filing. (Emphasis added.)

twenty days after it had received the Board's refusal of February 22, 1990 to accept Pace's applications. On July 23, 1990, Pace notified the Board that the hearing it requested on May 18, 1990 pertained to the Board's May 9, 1990 decision that a ten-month period had expired, not to the Board's February 22, 1990 refusal to renew Pace's license for the failure to obtain the necessary tax clearances.

On September 26, 1990, Pace was again notified by the Board that it was denying a hearing to Pace and would not reopen the case. Pace appealed to the trial court, the trial court denied Pace's appeal and the matter is now before this Court.

■ This Court's scope of review in a liquor license renewal case is limited to determining whether there is substantial evidence to support the trial court's determination and whether the trial court committed an error of law or an abuse of discretion. *Pennsylvania Liquor Control Board v. Wayside Bar, Inc.*, 120 Pa.Commonwealth Ct. 176, 547 A.2d 1309 (1988).

The issues before this Court are whether the Board is estopped from denying the renewal application of Pace based upon the Board's February 22, 1990 letter; whether Pace was denied due process when it was denied a hearing; whether Pace was denied due process when it did not receive a ten day notice as required under Section 470 of the Liquor Code; and whether the failure of Pace to obtain tax clearances from the Departments within ten months from the expiration date of Pace's license prevents the Board from renewing that license.

■ Pace initially argues that the Board is estopped from denying Pace's renewal application because, in its letter of February 22, 1990, the Board specifically gave Pace a "reasonable period of time" to rectify the reasons for non-renewal of Pace's license.

Equitable estoppel arises when a party by acts or representation intentionally or through culpable negligence,

induces another to believe that certain facts exist and the other justifiably relies and acts upon such belief, so that the latter will be prejudiced if the former is permitted to deny the existence of such facts.

*Straup v. Times Herald,* 283 Pa.Superior Ct. 58, 71, 423 A.2d 713, 714 (1980). In the matter at hand, there has been no detrimental reliance by Pace based upon the representations proffered by the Board. Therefore, regardless of the Board's representations in that letter, it cannot be said that Pace was prejudiced by those representations. Consequently, equitable estoppel is not applicable in the instant action.

■ Pace next argues that it was denied due process when the Board denied Pace a hearing by way of a letter dated July 19, 1990. In the Board's letter of February 22, 1990, Pace was advised that its renewal applications would be held in abeyance for a reasonable time but in no event beyond the expiration of the current license year, which expiration date was October 31, 1990. Pace asserts that based upon the contents of that letter it set out to obtain the necessary tax clearances from the Departments. Under Section 470(a) of the Code, the Board has discretion to accept or reject a renewal application which has been filed after the expiration date of the liquor license but within ten months after its expiration. In *Wayside,* after expiration of the license but before the applicant filed for renewal, the Board awarded the license in question to another applicant within the ten-month period of Section 470(a) of the Code. This Court held that the Board properly awarded the license to another. In its holding, this Court reasoned that because the Board awarded the license to another, the Board was without discretion to accept the applicant's renewal application.

Initially, the Board, in the matter sub judice, could have rejected Pace's applications for renewal of its license when Pace filed them with the Board on August 22, 1989 without obtaining appropriate tax clearance. *Commonwealth v. Liederkrantz,* 450 Pa. 423, 300 A.2d 87 (1973) (failure to meet all requirements on the application for renewal of a

liquor license is ground for non-renewal of that license). This the Board did not do. Contrary to *Wayside*, the Board, in its letter of February 22, 1990, expressed its intent to permit Pace a reasonable period of time to rectify the tax clearance problem so that the completed application could be considered by the Board. Through its letter of May 9, 1990, however, the Board reversed itself when it informed Pace that it was terminating Pace's application. It is evident by the Board's May 9 letter that the reason for termination of the application and non-renewal of the license is the expiration of the ten month period allowed under Section 470(a) of the Code.[2]

As a result of being notified by the Board on May 9, 1990 that the ten-month period had expired and consequently that the Board was terminating Pace's application, Pace requested a hearing by way of its letter of May 18, 1990 to the Board. Subsequently, on July 19, 1990, the Board notified Pace that it was refusing Pace's request for a hearing because Pace failed to file its request for a hearing with the Board no later than twenty days after the notice of refusal was mailed, which, in this instance, was February 22, 1990. *See* 40 Pa.Code § 3.41.

As Pace correctly argues in its brief, there was no reason to request a hearing after receiving the Board's letter of February 22, 1990 because the Board, by way of that letter, had specifically granted "a reasonable period of time" within which to obtain the necessary tax clearances. Therefore, it was only after the Board, through its May 9, 1990 letter, invoked an entirely new reason for terminating Pace's license, i.e. expiration of the ten-month period, that the necessity of a hearing became apparent to Pace. The Board has offered no explanation as to why it changed its discre-

**2.** The Board's letter of May 9, 1990 reads in pertinent part: "On February 22, 1990 your application for renewal of Restaurant Liquor License R–10210 beginning November 1, 1988 and November 1, 1989 were refused for tax deficiency and/or application deficiency. *In view of the fact the 10-month period has now expired we are terminating the application and closing your file."* (Emphasis added.)

tion from its February 22, 1990 letter, wherein Pace was granted an extension of time within which to file its application to the May 9 and July 19, 1990 letters wherein the Board held that not only had Pace's ten-month period expired, but also that Pace failed to timely file its request for hearing of the Board's initial refusal of Pace's application.

The trial court failed to properly deny Pace's renewal application. As such, its decision is reversed and the matter is remanded for a hearing as a result of the Board's May 9, 1990 decision that a ten-month period within which to file a renewal application had expired.[3]

## ORDER

AND NOW, this 11th day of December, 1991, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed and the matter is remanded for a hearing consistent with this opinion.

Jurisdiction relinquished.

KELLEY, Judge, concurring and dissenting.

I respectfully dissent.

Because I agree that the board improperly denied Pace's request for a hearing, I concur in the reversal of the trial court's decision. I must respectfully dissent as to the need for a remand, however, because I believe that the letter of February 22, 1990 estops the board from now asserting the expiration of the ten-month period.

Pace originally filed applications for the years beginning November 1, 1988 and November 1, 1989. These applications were filed on August 22, 1989. Assuming, arguendo, that the ten-month period found in Section 470(a) of the Code is applicable, the period runs "ten months after the expiration date of the license." The license at issue expired

---

**3.** Consequently, this Court need not address Pace's remaining arguments.

on October 31, 1988. Therefore, the ten-month period had already run prior to the letter of February 22, 1990.

The letter read as follows:

In view of the circumstance(s) for non-renewal of the license, you will be given a reasonable period of time to rectify this matter during which time we will hold the renewal application, bond, fees, etc. in abeyance, but in no event beyond the expiration date of the license term.

If you have no intention to meet the tax clearance conditions in order that the license can be renewed, please inform us in order that we may return the bond and fees for which you are entitled.

Reproduced Record (R.) at 5a.

Licensee did not inform the board that it did not intend to meet the required conditions, but rather proceeded to obtain the necessary tax clearances, believing that it had until the expiration of the present term, *i.e.,* October 31, 1990, to "rectify this matter," *and in fact obtained the necessary tax clearances prior to October 31, 1990.*[1]

Although the board could have denied the application in the first instance, once it granted Pace an additional period of time in which to comply, and Pace in fact complied within that period, the board should be estopped from refusing to accept the application. For that reason, I would reverse the trial court and order the board to accept Pace's application.

---

1. Stipulation of Facts, R. at 4a.