631 A.2d 789

**HYLAND ENTERPRISES, INC., and John D. Hyland, t/a/d/b/a Mickey's Lounge, Appellant,**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 1993.

Decided Sept. 1, 1993.

David P. Truax, for appellant.

No appearance for the appellee.

Before DOYLE, SMITH and FRIEDMAN, JJ.

SMITH, Judge.

John D. Hyland and Hyland Enterprises, Inc., trading as Mickey's Lounge (collectively, Licensee), appeal from an order of the Court of Common Pleas of Crawford County affirming a decision of the Pennsylvania Liquor Control Board (Board) to deny Licensee's application for renewal of a restaurant liquor license. The issue presented to this Court is whether the trial court committed an error of law or abused its discretion in denying Licensee's application.[1]

---

1. By order dated October 19, 1992, the Board was precluded from filing a brief in this matter.

■ Licensee was issued citations for furnishing liquor to minors under Section 493(1) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–493(1), on May 21, 1988, April 12, 1989, September 15, 1989, and October 25, 1989.[2] Licensee's restaurant liquor license was due to expire on July 31, 1990, and he submitted an application for renewal. On May 22, 1990, the Board sent Licensee a letter stating that because of his record of Code violations, his application would be subject to special "intense review and close scrutiny" to determine whether he had abused the privilege of holding a liquor license. Although there were four pending citations against Licensee when he filed his application for renewal, he was ordered to pay the fines associated with those citations and undergo a three-day suspension of his business operations before the Board's decision on July 11, 1990 denying Licensee's application for renewal.

■ Licensee appealed and was granted a hearing before a hearing examiner who recommended that the Board deny Licensee's application for renewal. The Board accepted the hearing examiner's recommendation, and Licensee further appealed to the trial court, which conducted a hearing *de novo* and affirmed the Board's decision. Licensee appeals to this Court.[3]

Section 470(a) of the Code, 47 P.S. § 4–470(a), provides in pertinent part:

Unless the Board shall have given ten days' previous notice to the applicant of objections to the renewal of his license, based upon violation by the licensee or his servants, agents

**2.** Additionally, Licensee was cited in 1979 for furnishing liquor to minors, and also in 1983 for furnishing liquor to minors and for sale of malt or brewed beverage in excess of 144 fluid ounces for consumption off the premises in violation of former Section 442 of the Code, 47 P.S. § 4–442 (amended in 1987 to increase the maximum quantity to 192 fluid ounces). Licensee paid the fines associated with these citations.

**3.** This Court's scope of review in a liquor license renewal case is limited to determining whether there is substantial evidence to support the trial court's determination and whether the trial court committed an error of law or an abuse of discretion. *4828 Pace's Lounge v. Pennsylvania Liquor Control Board,* 144 Pa.Commonwealth Ct. 155, 601 A.2d 408 (1991).

or employees of any of the laws of the Commonwealth or regulations of the board relating to the manufacture, transportation, use, storage, importation, possession or sale of liquors, alcohol or malt or brewed beverages, or the conduct of a licensed establishment, or unless the applicant has by his own act become a person of ill repute, or unless the premises do not meet the requirements of this act or the regulations of the board, the license of a licensee shall be renewed.

The Pennsylvania Supreme Court has stated that there is perhaps no other area of permissible state action within which the exercise of the police power of a state is more plenary than the regulation and control of the use and sale of alcoholic beverages. *Tahiti Bar, Inc., Liquor License Case*, 395 Pa. 355, 150 A.2d 112, *appeal dismissed*, 361 U.S. 85, 80 S.Ct. 159, 4 L.Ed.2d 116 (1959).

The state may absolutely forbid or may license the sale of intoxicating liquors and it may impose such conditions upon the granting of licenses as it sees fit. *Replogle v. Pennsylvania Liquor Control Board*, 514 Pa. 209, 523 A.2d 327 (1987). One who accepts such license must be deemed to consent to all proper conditions and restrictions which have been or may be imposed by the legislature in the interest of public morals or safety. *Id.* This Court has held that even a single Code violation can be sufficient grounds to revoke a license. *Slovak–American Citizens Club v. Pennsylvania Liquor Control Board*, 120 Pa.Commonwealth Ct. 528, 549 A.2d 251 (1988). Although *Slovak–American Citizens Club* involved revocation proceedings under Section 471 of the Code, 47 P.S. § 4–471, rather than Section 470 of the Code, the Board's discretion is nonetheless similar under those two sections.[4] Thus, based upon Licensee's record of Code viola-

4. Section 471 of the Code provides in pertinent part:
   (a) Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol, or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, or any violation of the laws of this Commonwealth ... by any licensee within the scope of this article, his officers, servants, agents or employes, or upon any other sufficient cause shown, the enforce-

tions, the trial court did not abuse its discretion in denying renewal of Licensee's license.

■ Licensee maintains that the trial court committed an error of law and abused its discretion in upholding the enforcement of a "nuisance bar program" against Licensee. In support of this claim, Licensee introduced a copy of The Licensee Business Quarterly, a publication of the Board, which included an announcement containing the following information:

> In January, 1990, the Board announced an initiative, pursuant to authority granted by Section 470(a) and (b) of the Liquor Code, to deny applications for license renewal to establishments who frequently demonstrate a flagrant abuse of the privilege of holding a license issued by this Board.... Licensees who have abused their privilege will be turned down at renewal time.

Plaintiff's Exhibit A, p. 1. Licensee contends that the Board's application of said policy was arbitrary and capricious because the program took effect in January, 1990, yet he was penalized for Code violations which occurred before 1990. This Court has held that the Board can consider all of a licensee's past Code violations regardless of when the violations occurred. *Slovak–American Citizens Club.* It is not clear from the record that the Board acted under a nuisance bar program here; however, even if it had, the announcement of this policy is merely a restatement of the broad discretionary powers granted to the Board under Section 470.

■ The construction given a statute by those charged with its execution and application is entitled to great weight and should only be disregarded or overturned for cogent reasons and if clearly erroneous. *Pennsylvania Liquor Control Board v. Burrell Food Systems, Inc.,* 97 Pa.Commonwealth Ct. 101, 508 A.2d 1308 (1986), *appeal denied,* 513 Pa. 636, 520 A.2d 1386 (1987). As remedial civil legislation, the

ment bureau may, within one year from the date of such violation or cause appearing, cite such licensee to appear before an administrative law judge ... to show cause why such license should not be suspended or revoked or a fine imposed, or both....

Code is to be liberally construed to effectuate its purpose to protect the public health, welfare, peace and morals. *Quaker City Development Co., Inc. Appeal,* 27 Pa.Commonwealth Ct. 13, 365 A.2d 683 (1976). This Court has stated that the purpose of the Code, as enforced by the Board, is to regulate and restrain the sale of liquor, not to promote it. *Burrell Food Systems.*

Because Section 470(a) of the Code provides that violations of the Code are grounds to deny license renewal, the Board's denial of the renewal application was appropriate. Thus, the trial court properly determined that the Board acted within its discretion in basing the denial upon Licensee's record of Code violations. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 1st day of September, 1993, the order of the Court of Common Pleas of Crawford County is affirmed.

FRIEDMAN, Judge, dissenting.

In this case, the Pennsylvania Liquor Control Board (PLCB) has refused to renew the liquor license originally issued to Hyland Enterprises, Inc. and John Hyland, t/a/d/b/a Mickey's Lounge (collectively, Licensee). The PLCB informed Licensee that the refusal to renew was based upon two reasons, i.e., Licensee's six past violations of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101— 9–902, and a technical defect in the signing of the surety bond required with the renewal application.[1] Section 470 of the Liquor Code states, *inter alia,* (1) that the PLCB may consider a licensee's violation history in deciding whether to renew and (2) that the renewal decision is within the discretion of the PLCB. 47 P.S. § 4–470(a) (Supp.1993–94). Nonetheless, in the forty-two year history of the Liquor Code, I can find no case, nor is any cited by the majority, where the refusal to

---

1. The defect with the surety bond has been rectified and is no longer relevant to these proceedings.

renew *was based upon past violations for which a licensee has been convicted and penalized.*

Licensee throughout these proceedings has taken the position that the PLCB here is retroactively applying a "nuisance bar program", first announced by the PLCB in its publication The Licensee Business Quarterly in early 1990. A portion of that announcement stated:

> In January of 1990, the Board announced an initiative, pursuant to authority granted by Section 470(a) and (b) of the Liquor Code, to deny applications for license renewal to establishments who frequently demonstrate a flagrant abuse of the privilege of holding a license issued by the Board.... Licensees who have abused their privilege will be turned down at renewal time.

Plaintiff's exhibit A. The majority states that "it is not clear that the Board acted under the nuisance bar program here...." (Majority opinion, p. 5). I believe this statement ignores reality, given the PLCB's past history on the renewal of licenses. The majority states that this is "merely a restatement of the broad discretionary powers granted to the Board under Section 470." *Id.* Nonetheless, it seems to me that such a drastic change in policy by the PLCB, after forty some years of *not exercising its discretion in such a fashion,* should not be allowed except in a purely prospective fashion. To do otherwise is a flagrant violation of due process and, in my view, an abuse of the PLCB's discretion on the facts of this case.[2]

I also believe that the majority's reliance on *Slovak–American Citizens Club v. Pennsylvania Liquor Control Board,* 120 Pa.Commonwealth Ct. 528, 549 A.2d 251 (1988), is inappropriate. That case did state that a single violation was sufficient to permit the PLCB to exercise its discretion in deciding to *revoke* a license. *Slovak–American,* however, was decided when the PLCB was charged with adjudicatory responsibilities on citations issued against a licensee. With the Legislature's enactment of the Act of June 29, 1987, P.L. 32, that

---

**2.** I express no opinion of the application of the nuisance bar program in a purely prospective fashion.

responsibility was taken from the PLCB and placed in the hands of "an autonomous office to be known as the Office of Administrative Law Judge." 47 P.S. § 2–212(a) (Supp.1993–94); 47 P.S. § 4–471(a) (Supp.1993–94). Under the 1987 amendments, the PLCB now exercises *appellate type* review of decisions of administrative law judges, as do the courts of common pleas. *Appeal of Iggy, Inc.*, 140 Pa.Commonwealth Ct. 168, 592 A.2d 122 (1991). The PLCB is thus no longer given discretion in citation proceedings and reliance upon prior cases dealing with that discretion is, I submit, inappropriate.

Finally, I do not believe the PLCB was entitled to consider the 1979 and 1983 violations of the Liquor Code. Section 464 provides in pertinent part, "In considering the renewal of a license, the board shall not refuse any such renewal on the basis of the propriety of the original issuance or any prior renewal of such license." 47 P.S. § 4–464 (Supp.1993–94). In this context, a decision based upon an identical portion of the Liquor Code's predecessor [3] is relevant. The Superior Court held that where the original issuance of a license was *illegal,* because such issuance exceeded the quota for the municipality, the PLCB could refuse to renew without violating the mandate of section 464's identical predecessor. As that court stated:

> There is a world of difference between *propriety* and *legality.* It is scarcely credible that the legislature would use 'propriety' when it meant 'legality', for the terms are practically antithetical. Certainly the *1947* legislature knew the difference, and employed the same words in the same sentence.... 'Legality' imports conformity to law; in this context, 'propriety' connotes conformity to a norm of conduct, or more specifically, it signifies appropriateness, suitability, fitness, correctness.

*In re Whitford's Liquor License,* 166 Pa.Superior Ct. 48, 51, 70 A.2d 708, 710 (1950). Most importantly, the court went on to state, "A judicial inquiry as to the propriety of an act of a

---

3. Section 2 of the Quota Law, Act of June 24, 1939, P.L. 806, formerly 47 P.S. § 744–1002.

public authority involves *judgment based upon the discretion and wisdom exercised in the circumstances.*" *Id.* (emphasis added). In the present case, the PLCB has exercised its discretion on an annual basis and renewed Licensee's license after the 1979 and 1983 convictions. To consider those convictions again violates both section 464 and the holding in *Whitford's*.

Hence, this dissent.