GLOBAL BEER DISTRIBUTING,
LTD.,

v.

PENNSYLVANIA LIQUOR CONTROL
BOARD, Appellant.

Commonwealth Court of Pennsylvania.

Argued May 8, 2002.
Decided June 11, 2002.

Rodrigo J. Diaz, Harrisburg, for appellant.

Peter J. Daley, II, California, for appellee.

BEFORE: FRIEDMAN, Judge, and COHN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Pennsylvania Liquor Control Board (Board) appeals the decision of the Court of Common Pleas of Washington County (trial court) which sustained the appeal of Global Beer Distributing, Ltd. (Global), directed the Board to immediately approve the double transfer application for Distributor License No. D–286 filed by Global and ordered John Jeffrey Paletta (Paletta) to resign his position with any other business in which he is engaged without the approval of the Board. We reverse.

On September 15, 2000, Paletta pled guilty to three counts of tampering with public records, three counts of false application, thirty-five counts of theft by failure to make required disposition of funds received, and thirty-five counts of odometer retention. He received twenty-three and one-half months probation for these charges. In addition, he plead guilty to thirty-five counts of failure to pay sales tax and received a thirty-five-thousand-dollar fine. His license to sell vehicles was revoked with the revocation stayed in favor of a one-year suspension, five years probation and the entering of a public reprimand into his permanent record.

On November 16, 2000, following a hearing on nine objections, the Board denied Global's application for a double transfer for distributors license No. D–286 based upon Paletta's reputation and the proximity of the proposed premises to another licensed club. Global appealed to the trial court.

The trial court overruled the Board and found that:

(3) Although within 200–feet of the Legion Club, another establishment licensed by the Board, no evidence exists to demonstrate that the officers of the Club have an objection to the transfer of Global's license.

(4) Global's sole corporate officer, John Jeffrey Paletta, was a corporate principal of Vestaburg Arcade and Racket Court, Ltd. ("Vestaburg") until resigning from that position in February of 2000.

(5) Although two citations were issued to Rosemary Paletta, Vestaburg's manager while Mr. Paletta was an officer, no record evidence exists to establish that Mr. Paletta was either directly or indirectly involved in these citations.

(6) No record evidence exists to show that Mr. Paletta was convicted of a felony either before or after Global's application to the Board.

(7) Mr. Paletta pled guilty and served 23½ months probation for misdemeanor offenses related to his position as President of Paletta Ford, Inc., but which are unrelated to Mr. Paletta's reputation in regard to a distributor's license.

(8) According to the testimony of several witnesses, Mr. Paletta is a respected and reputable member of the community. The Board did not dispute this testimony regarding Mr. Paletta's good character.

Trial Court Opinion, September 14, 2001, Findings of Fact Nos. 3–8, at 2–3. The Board now appeals to our Court.[1]

■ The Board contends that the trial court committed an error of law and/or abused its discretion when it overturned the Board's ruling that Paletta is not a reputable person as that term is defined in the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101—8–803 and committed an error of law in overruling the Board's decision to refuse this license on the basis of its proximity to a club license.

■ Initially, the Board contends that the trial court committed an error of law and/or abused its discretion when it overturned the Board's ruling that Paletta is not a reputable person as that term is defined in the Liquor Code. The Supreme Court in *Pennsylvania Liquor Control Board v. Richard E. Craft American Legion Home Corp.,* 553 Pa. 99, 718 A.2d 276 (1998) set forth the standard for a trial court's review of a Board's refusal to grant a liquor license. The Supreme Court stated that "the trial court may alter the decision of the [Board] even if its findings of fact are identical to those made by the [Board]." *Id.* at 103, 718 A.2d at 278. That the trial court in conducting a de novo review may make its own findings of fact and reach its own conclusions based upon those findings.[2] *Id.*

Section 437(c) of the Liquor Code states that: "Licenses shall be granted by the Board only to reputable individuals or to associations, partnerships and corporations whose members or officers and directors are reputable individuals." 47 P.S. § 4–437(c).

Section 431(b) of the Liquor Code states in pertinent part that:

The board shall issue to any reputable person who applies therefor, and pays

1. Our review is limited to a determination of whether the trial court's findings of fact are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *Hyland Enterprises, Inc. v. Pennsylvania Liquor Control Board,* 158 Pa.Cmwlth. 283, 631 A.2d 789 (1993).

2. *Pennsylvania State Police v. Cantina Gloria's Lounge, Inc.,* 536 Pa. 254, 639 A.2d 14 (1994) set forth the standard for a trial court's review of a Board's refusal to grant a liquor license as follows:

We have held an appeal from a decision of the Board pursuant to this language requires the Court of Common Pleas to conduct a de novo review, and in the exercise of its statutory discretion, to make findings and conclusions. We also held that this language permitted a Court of Common Pleas, based upon its de novo review, to sustain, alter, change or modify a penalty imposed by the Board whether or not it makes findings which are materially different than those found by the Board. *Adair v. Liquor Control Board,* 519 Pa. 103, 546 A.2d 19 (1988).

the license fee hereinafter prescribed, a distributor's or importing distributor's license for the place which such person desires to maintain for the sale of malt or brewed beverages ... The board shall have the discretion to refuse a license to any person or to any corporation, partnership or association if such person, or any officer or director of such corporation, or any member or partner of such partnership or association shall have been convicted or found guilty of a felony within a period of five years immediately preceding the date of application for the said license...."

47 P.S. § 4–431(b).

In the present controversy, the Board found that Paletta was not a reputable person based upon various misdemeanor convictions. The trial court, however, upon de novo review, reversed the Board and found Paletta reputable. The trial court read the statute correctly. The trial court found that Section 431(b) did not apply as Paletta was not convicted of a felony, and then addressed Paletta's reputation as per Section 437(c). The trial court determined that the testimony presented by Paletta was sufficient to conclude that he is a reputable member of the community and that his misdemeanor convictions were "insufficient to prohibit the transfer of Global's distributor's license." Trial Court Opinion at 6.

As the trial court in conducting a de novo review may make its own findings of fact and reach its own conclusions based upon those findings, we must affirm the trial court on this issue.

■ Next, the Board contends that the trial court committed an error of law in overruling the Board's decision to refuse this license on the basis of its proximity to a club license. Section 431(b) of the Liquor Code states in pertinent part that:

[T]he board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within ... two hundred feet of any other premises which is licensed by the board....

47 P.S. § 4–431(b).

■ Pursuant to Section 431(b) the transfer of any license to a new location may be refused if the place proposed to be licensed is within 200–feet of any other premises which is licensed by the board. 47 P.S. § 4–431(b). When the denial of a transfer is based upon the 200–foot rule, the fact that another premises which is licensed by the board is within 200–feet of the place proposed to be licensed is, standing alone, a sufficient basis for denial. See *Altshuler v. Pennsylvania Liquor Control Board,* 729 A.2d 1272 (Pa.Cmwlth.1999). The 200–foot rule is to be administered by the Board and not the neighbors of the proposed facility.

Accordingly, we must reverse the trial court and reinstate the Board's order denying Global's double transfer application for Distributor License No. D–286.

### ORDER

AND NOW, this 11th day of June, 2002, the order of the Court of Common Pleas of Washington County is reversed and the order of the Pennsylvania Liquor Control Board denying the double transfer application for Distributor License No. D–286 is reinstated.