IN THE COMMONWEALTH COURT OF PENNSYLVANIA

5600 Lansdowne, Inc.,           :
                   Appellant      :
                               :
           v.                    :  No.  345 C.D. 2021
                               :  Submitted:  June 24, 2022
Pennsylvania Liquor Control Board    :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                    FILED:  September 7, 2022


      5600 Lansdowne, Inc. (Licensee) appeals from the March 18, 2021 order of
the Court of Common Pleas of Philadelphia County (trial court) denying
Licensee's appeal from the decision of the Pennsylvania Liquor Control Board
(Board) that refused Licensee's restaurant liquor license renewal application for
Restaurant Liquor License No. R-4271 (License). Licensee contends (1) that the
trial court abused its discretion by failing to renew its License based on its two
prior citations for Liquor Code[1] violations and (2) that the trial court made an error
of law by failing to credit Licensee for taking affirmative remedial measures to
correct its violations.  After review, we affirm.

---

[1]  Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§1-101 —10-1001.

Since 2014, Licensee has maintained its License for its establishment located at 5600 Lansdowne Avenue in Philadelphia, Pennsylvania (Licensed Premises). Licensee sought renewal of its License in August 2018. Reproduced Record (R.R.) at 41a. The Board conditionally approved Licensee's renewal application pending the outcome of Citation No. 18-0266 (2018 citation). R.R. at 47a. Licensee received the 2018 citation in January 2018 after a license compliance inspection revealed that the premises did not have minimum seating and square footage requirements for its License.[2] *Id.* Based on those deficiencies, the Board immediately suspended Licensee's License. R.R. at 49a. The Board lifted the suspension approximately two weeks later after Licensee resolved the deficiencies. *Id.*

In November 2019, the Office of the Administrative Law Judge (ALJ) sustained the 2018 citation and the Board's Bureau of Licensing (Bureau) objected to Licensee's License renewal. R.R. at 51a. The Bureau cited three reasons for its objection. *Id.* First, the Bureau alleged that Licensee abused its licensing privilege pursuant to Section 470[3] of the Liquor Code based on its citation history. *Id.* In addition to the 2018 citation, Licensee had sustained a previous citation in 2017, Citation No. 17-0623 (2017 citation).[4] *Id.* Second, the Bureau alleged that

---

[2] Specifically, the Board asserted that Licensee's License required a minimum of 30 seats, but that only 10 were available and that Licensee's License required a minimum of 400 square feet of serving area, but that only 175 square feet were found. R.R. at 47a.

[3] 47 P.S. §4-470.

[4] In 2018, the ALJ adjudicated Licensee's 2017 citation and found Licensee to have committed the following violations: (1) violation of Sections 401(a) and 406(a)(1) of the Liquor Code, 47 P.S. §§ 4-401(a) and 4-406(a)(1), by selling liquor for consumption off premises; (2) violation of Section 493(12) of the Liquor Code, 47 P.S. § 4-493(12), by failing to keep records on the Licensed Premises; (3) violation of Section 102 of the Liquor Code,, 47 P.S. § 1-102, by failing **(Footnote continued on next page…)**

2

Licensee did not operate as a bona fide restaurant pursuant to Section 102[5] of the Liquor Code due to its insufficient seating and lack of serving area. *Id*. Third, the Bureau alleged Zheng Jihang (Jihang), Licensee's sole owner and manager, was not a responsible person of good repute pursuant to Sections 102[6] and 470[7] of the Liquor Code. *Id*.

The Hearing Examiner held a hearing on February 18, 2020. R.R. at 7a. At the hearing, the Bureau introduced, among other things, Licensee's renewal application, the Board's conditional approval letter, the January 2018 suspension letter, the January 2018 reinstatement letter, the Bureau's objection letter, and the 2017 citation and 2018 citation, with the seven adjudicated violations. R.R. at 13a. Licensee called two witnesses. First, Licensee called William LaTorre (LaTorre). R.R. at 31a. LaTorre was previously employed as a supervisor of the Pennsylvania Liquor Enforcement Bureau. R.R. at 31a. In November 2018, Licensee hired LaTorre to do an assessment of Licensee's Licensed Premises. R.R. at 19a. LaTorre testified that on November 8, 2018, he assessed the Licensed Premises and conducted compliance training with Jihang. R.R. at 21a. At that time, the

---

**(continued…)**

to be a bona fide restaurant because there was insufficient seating; (4) violation of Section 102 of the Liquor Code, 47 P.S. § 1-102, by failing to have at least 400 square feet available for the use and accommodation of the public; and, (5) violation of Board regulation, 40 Pa. Code § 5.41, by failing to display on the Licensed Premises documentary evidence that it meets all sanitary requirements for a public eating place. R.R. at 59a.

[5] 47 P.S. § 1-102.

[6] 47 P.S. § 1-102.

[7] 47 P.S. § 4-470.

3

Licensed Premises had sufficient seating and a serving area that met the required square footage. *Id.* In addition to LaTorre, Jihang testified. R.R. at 32a. Jihang testified that he hired LaTorre and followed his recommendations for compliance. R.R. at 32a.

Based upon its review of the record from the hearing and the Hearing Examiner's recommendation, the Board refused the renewal application. Original Record (O.R.) at 134-35.[8] Licensee then appealed to the trial court.

The trial court held a de novo hearing on March 18, 2021, at which no additional evidence was admitted. R.R. at 108a. The trial court considered the certified record, including the Hearing Examiner's findings of fact and conclusions of law, the Board's opinion in support of its decision, the briefs filed by the parties, and oral arguments made by the parties. Pa. R.A.P. 1925(a) Op. at 1. Thereafter, the trial court found in favor of the Board and likewise denied Licensee's renewal application. O.R. at 198. The trial court concluded that Licensee's citation history and delay in seeking corrective measures demonstrated a pattern of activity that supported the Board's denial of Licensee's License renewal. Pa. R.A.P. 1925(a) Op. at 7. Licensee now appeals to this Court.

On appeal, Licensee argues (1) that the trial court's findings were not based on substantial evidence, (2) that the trial court abused its discretion in failing to renew its License, and (3) that the trial court committed an error of law in failing to find that Licensee had taken affirmative corrective measures.[9] Licensee's Br. at 4.

---

[8] Citations to the original record reflect electronic pagination because it is not otherwise paginated.

[9] In its Pa. R.A.P. 1925(b) Statement of Errors Complained of on Appeal, Licensee indicates that if the trial court determined that Jihang had become a person of ill repute based on the two citations, then such a determination would have been an abuse of discretion or error of law. Pa. **(Footnote continued on next page…)**

4

In a liquor license renewal case, our scope of review is limited to determining whether substantial evidence supports the trial court's determination and whether the trial court erred at law or abused its discretion. *Hyland Enters., Inc. v. Pa. Liquor Control Bd.*, 631 A.2d 789, 791 (Pa. Cmwlth. 1993). An abuse of discretion is "defined as a misapplication of the law, a manifestly unreasonable exercise in judgment, or a final result that evidences partiality, prejudice, bias, or ill-will." *I.B.P.O.E. of W. Mount Vernon Lodge 151 v. Pa. Liquor Control Bd.*, 969 A.2d 642, 648 (Pa. Cmwlth. 2009).

First, we note that the renewal of a liquor license is not automatic under the Liquor Code. *Jim Jay Enters., Inc. v. Pa. Liquor Control Bd.*, 91 A.3d 274, 283 (Pa. Cmwlth. 2014). The Liquor Code sets forth the standards and procedures for liquor license renewals and Section 470(a.1) specifically outlines as follows:

> (a.1) The [Bureau] may object to and the [Board] may refuse a properly filed license application:
>
> > (1) if the licensee . . . ha[s] violated any of the laws of this Commonwealth or any of the regulations of the [B]oard;
> >
> > (2) if the licensee . . . [has] one or more adjudicated citations under this or any other license issued by the [B]oard or were involved in a license whose renewal was objected to by the [Bureau] under this section;
> >
> > (3) if the licensed premises no longer meets the requirements of this act or the [B]oard's regulations; or

---

**(continued…)**

R.A.P. 1925(b) ⁋ 6. However, the trial court noted in its Pa. R.A.P. 1925(a) opinion that it did not factor the Board's finding that Jihang was a person of ill repute into its decision. Pa. R.A.P. 1925(a) Op. at 2. Therefore, we need not reach this issue.

(4) due to the manner in which this or another licensed premises was operated while the licensee . . . [was] involved with that license. When considering the manner in which this or another licensed premises was being operated, the [B]oard may consider activity that occurred on or about the licensed premises or in areas under the licensee's control if the activity occurred when the premises was open for operation and if there was a relationship between the activity outside the premises and the manner in which the licensed premises was operated. The [B]oard may take into consideration whether any substantial steps were taken to address the activity occurring on or about the premises.

47 P.S. § 4-470(a.1).  Additionally, pursuant to Section 470(b):

In cases where a licensee . . . has one or more unadjudicated citations pending against the licensee at the time a renewal application for the license is pending before the [B]oard, the [B]oard may, in its discretion, renew the license; however, the renewed license may be subsequently revoked by the [B]oard if and when . . . the citation issued against the license is adjudicated by the [ALJ].

47 P.S. § 4-470(b).

A licensee is strictly liable for violations of the Liquor Code and such violations and adjudicated citations are grounds for the Board to deny a liquor license renewal.  *Pa. Liquor Control Bd. v. TLK, Inc.*, 544 A.2d 931, 932-33 (Pa. 1988); 47 P.S. § 4-470(a.1)(1).  While it is true, as Licensee argues, that many reported cases involving denied liquor license renewals involve multiple citations with egregious violations, we have previously held that even one adjudicated citation is a sufficient basis on which the Board may deny a license renewal.  *Hyland Enters.,* 631 A.2d at 792.  Even where violations predate the most recent renewal period, the Board may still examine the pattern of current and past violations in deciding whether to renew a liquor license.  *Atiyeh v. Pa. Liquor*

*Control Bd.*, 629 A.2d 182 (Pa. Cmwlth. 1993). This Court has "consistently held that regardless of when they occur the Board may consider all code violations committed by a licensee in determining whether to renew a liquor license." *Pa. Liquor Control Bd. v. Bartosh*, 730 A.2d 1029, 1033 (Pa. Cmwlth. 1999).

The Liquor Code grants the Board "discretion in determining whether to grant or renew a liquor license." *St. Nicholas Greek Cath. Russian Aid Soc'y v. Pa. Liquor Control Bd.*, 41 A.3d 953, 959 (Pa. Cmwlth. 2012). It is up to the Board to "closely examine the operation of an establishment that holds a license to serve alcoholic beverages when assessing whether to renew its liquor license." *Philly Int'l Bar, Inc. v. Pa. Liquor Control Bd.*, 974 A.2d 1, 4 (Pa. Cmwlth. 2008). When it comes to appeals, the trial court maintains the same level of discretion as the Board. *BCLT, Inc. v. Pa. Liquor Control Bd.*, 120 A.3d 1069, 1076 (Pa. Cmwlth. 2015).

Here, the evidence showed, and the trial court found, that Licensee had two adjudicated citations, the 2017 citation and the 2018 citation, for various violations of the Liquor Code and the Board's regulations. The trial court, in its discretion, determined that these two citations demonstrated a pattern of activity that supported the Board's denial of Licensee's License renewal. Pa. R.A.P. 1925(a) Op. at 6-7. Licensee does not dispute these adjudicated citations, but contends that the trial court erred because the trial court "refused to renew [Licensee's License] based on two citations for relatively minor infractions" and "many cases have upheld renewals with violations more egregious than the violations in this case." Licensee's Br. at 10. However, this argument is without merit. As we noted

7

above, and as Licensee concedes in its brief,[10] it is well settled that a single citation is a sufficient basis on which to deny license renewal. *See Hyland Enters.,* 631 A.2d at 792. As Licensee has two adjudicated citations, both with more than one violation of the Liquor Code, there was substantial evidence to support the trial court's determination.

In addition, Licensee argues that the trial court erred in basing its decision on these violations because Licensee took substantial remedial measures. While a trial court has discretion to order license renewal despite Liquor Code violations on the ground that the licensee has taken substantial steps to prevent future violations, *see Goodfellas, Inc. v. Pennsylvania Liquor Control Board*, 921 A.2d 559 (Pa. Cmwlth. 2007), the trial court was not required to find that the remedial steps taken were sufficient to warrant renewal. The trial court acknowledged that it reviewed LaTorre's testimony that Licensee took corrective measures in response to the Board's citations. Pa. R.A.P. 1925(a) Op. at 6. However, the trial court ultimately found that such measures did not reflect "a good faith effort by [Licensee] to become compliant." Pa. R.A.P. 1925(a) Op. at 6. The trial court noted that "[i]nstead, the steps taken by [Licensee] reflect an attempt by a business to save its license." *Id.* The trial court held that in this case, the remedial measures taken were "too little, too late." *Id. See I.B.P.O.E. of W. Mount Vernon Lodge,* 969 A.2d at 649 ("[r]emedial measures must be taken at a time when the licensed establishment knows or should know that illicit activity is occurring").

Thus, based on this Court's review of the instant matter, there was substantial evidence presented to support the trial court's conclusion. We find no

---

[10] "Although a citation for a single violation of the [L]iquor [C]ode can authorize the non-renewal of a license. . . ." Licensee's Br. at 10.

abuse of discretion of the trial court in upholding the Board's denial of renewal here and no error of law or lack of support for its findings. Accordingly, we affirm the trial court.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

5600 Lansdowne, Inc.,          :
              Appellant     :
                            :
         v.                 :    No. 345 C.D. 2021
                            :
Pennsylvania Liquor Control Board    :

# **O R D E R**

**AND NOW**, this 7th day of September, 2022, the March 18, 2021 order of the Court of Common Pleas of Philadelphia County is **AFFIRMED**.

_____
STACY WALLACE, Judge